OPINION
Plaintiff-Appellant, Richard R. Brown ("Appellant"), appeals a decision by the Wyandot Common Pleas Court granting Defendants-Appellees', Jay A. McClain and McClain Construction (collectively "McClain"), motion for summary judgment on the basis of res judicata. Because the entry of summary judgment by the trial court only involved two of multiple defendants, did not provide that there "is no just reason for delay" as mandated by Civ.R. 54(B) in multiple party cases, and did not resolve the rights and liabilities of a remaining defendant, it is not a final appealable order, and we are without jurisdiction to reach the merits of Appellant's assignments of error.
Facts and procedural history pertinent to this appeal are as follows. In October 1995, Appellant entered into a contract with McClain to remodel his home. Difficulties between the parties apparently arose, culminating in a lawsuit filed by McClain against Appellant for an action on account, to which Appellant countered with multiple claims, including breach of contract, breach of the covenant of good faith and fair dealing, and negligence. The trial court, in an October 21, 1999 judgment entry, awarded McClain damages in the amount of $9,868.39 and dismissed Appellant's counterclaims with prejudice.
Thereafter, on March 1, 2001, Appellant filed the instant complaint alleging claims against multiple parties stemming from the same construction contract at issue in the initial lawsuit between he and McClain. The parties named in the complaint included McClain, four subcontractors who assisted in the remodeling project, namely Rodney Frey, Albert Shaffer, Clark-Snodgrass Co., Wolohan Lumber and Home, and Judge Robert Walker, who entered the October 21, 1999 judgment entry.
On April 2, 2001 and April 4, 2001, Clark-Snodgrass, Co. and Judge Walker, respectively, filed motions to dismiss the pending claims against them, which motions were subsequently granted. Moreover, the claims against Albert Schaffer were dismissed because service of process was not completed within the requisite period. Wolohan Lumber and Home, however, was properly served but failed to respond. Appellant has not moved for default judgment against Wolohan, and no other action has been taken regarding these claims. With respect to defendant Rodney Frey, Appellant dismissed the claims against him pursuant to Civ.R. 41. In response to Appellant's complaint, McClain filed a Motion to Dismiss, which was later converted to a Motion for Summary Judgment, and by judgment entry dated November 6, 2001, the trial court granted the motion on the basis that Appellant's claims were barred by res judicata.
From the trial court's decision to grant McClain's motion for summary judgment, Appellant appeals, asserting ten assignments of error for our review. However, before we can reach the merits of his claims, we must first determine whether the trial court's judgment constitutes a final appealable order.
The rule that an order must be final before it can be reviewed by an appellate court is well established.[1] If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter, and it must be dismissed.[2] An order of a trial court is final and appealable only if the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are met.[3]
The summary judgment determination herein fits squarely within R.C.2505.02, which, in its first clause, addresses the type of order at issue in this case: an "order that affects a substantial right in an action which in effect determines the action and prevents a judgment."[4] The order given in this case certainly affects a substantial right, that being potential recovery against McClain. The order also determines the action against Appellant. All the causes of action between Appellant and McClain are resolved by the summary judgment. Additionally, the summary judgment prevents a judgment against McClain by Appellant. Accordingly, as per R.C. 2505.02, the trial court's summary judgment is a final order.
Since the summary judgment granted by the trial court was a final order pursuant to R.C. 2505.02, we now must determine whether the record indicates compliance with Civ.R. 54(B).[5] Civ.R. 54(B) provides in pertinent part:
 "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination * * *, any order * * which adjudicates fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 This rule applies to those situations, such as this case, where multiple parties are involved in the action, and where the trial court has rendered a final judgment, pursuant to R.C. 2505.02, with respect to fewer than all of the parties.[6] The purposes of Civ.R. 54(B) is to avoid piecemeal appeals and to insure that parties to such actions know when an order or decree has become final for appeal purposes.[7]
The trial court's summary judgment entry in this case only rendered judgment with regard to McClain; therefore, no determination has been made with respect to the remaining defendant, Wolohan Lumber and Home. Moreover, the trial court's entry lacks the express "no just reason for delay" language as mandated by Civ.R. 54(B). Accordingly, the entry of summary judgment against Appellant was not a final appealable order, and, consequently, we must dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
SHAW, P.J., and HADLEY, J., concur.
[1] General Acc. Ins. Co. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266; Std. Hardware and Supply Co.v. Bolen (Apr. 18, 1996), Hocking App. No. 95CA24.
[2] Bolen, supra; Justis v. Justis (Jan. 30, 1996), Meigs App.No. 95-CA-05; Pilgrim v. Brown (Nov. 3, 1995), Pickaway App. No. 95CA18.
[3] Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus.
[4] R.C. 2505.02(B)(1).
[5] Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,355, 1993-Ohio-120, 617 N.E.2d 1136.
[6] Chef Italiano Corp., 44 Ohio St.3d at 88.
[7] Id.; Pokorny v. Tilby Dev. Co. (1977), 52 Ohio St.2d 183, 186, 6 O.O.3d 416, 370 N.E.2d 738.