OPINION
{¶ 1} On July 23, 2004, appellee, Federal Home Loan Mortgage Corporation, filed a complaint in foreclosure against Steven M. LeMasters ("LeMasters"), the unknown spouse of Steven M. LeMasters, Allyson Kallenberg ("Kallenberg"), the *Page 2 
unknown spouse of Allyson Kallenberg and Wells Fargo Bank, N.A. ("Wells Fargo"), as defendants who might have an interest in the property.
 {¶ 2} On April 7, 2000, LeMasters and Kallenberg signed an open-end mortgage from Norwest Mortgage and on March 27, 2001, they closed on another mortgage which proceeds were used to pay the first mortgage. LeMasters executed a promissory note secured by an open-end mortgage on real estate owned by him to Wells Fargo, as servicing agent for appellee.
 {¶ 3} Appellee asserted that LeMasters failed to pay the monthly installment of principal and interest under the note due and is in default for all payments from December 1, 2003. The trial court granted appellee a default judgment and entered a finding and decree of foreclosure. The sale was confirmed on May 4, 2005. On May 26, 2005, the trial court granted Kallenberg's Motion to Vacate Writ of Possession and to Stay Enforcement. The Sheriff's sale was vacated on August 1, 2005. On September 2, 2005, the trial court granted permission to add Kallenberg as a party and Kallenberg was served and answered on December 29, 2005.
 {¶ 4} Kallenberg admitted in her answer that she owns an undivided one-half interest in the real estate described in appellee's complaint and LeMasters owns the other undivided one-half interest. However, she asserted that only LeMasters signed the mortgage, she is not obligated and it does not affect her undivided one-half interest. Appellee and Kallenberg both filed motions for summary judgment.
 {¶ 5} In appellee's motion for summary judgment, it asserted that Kallenberg signed a subordination agreement indicating that she intended appellee to have a first and best lien on the property. Thus, appellee asserted that it held a valid lien on the *Page 3 
entire property even though Kallenberg did not sign the mortgage. In her motion for summary judgment, Kallenberg asserted that since only LeMasters signed the mortgage, the mortgage resulted in a lien only against his undivided one-half interest in the premises.
 {¶ 6} On March 20, 2007, the trial court filed an entry, granting appellee's motion for summary judgment. The trial court found that Kallenberg had voluntarily signed the subordination agreement on March 21, 2001, which clearly states that Kallenberg and LeMasters were to execute a new mortgage in favor of Wells Fargo and a condition precedent in obtaining the new loan was that the Wells Fargo mortgage was to be the first and best lien on the property. Thus, the court concluded since Wells Fargo was the servicing agent for appellee, Kallenberg intended to be bound by the new mortgage to appellee regardless of the fact that she failed to sign the note. No appeal was taken from that judgment.
 {¶ 7} On April 19, 2007, a nunc pro tunc entry was filed correcting the legal description which was attached to the entry granting summary judgment in decree in foreclosure and reformation of mortgage of appellee.
 {¶ 8} Appellant filed a notice of appeal from the nunc pro tunc entry and raised the following two assignments of error:
 I. THE TRIAL COURT ERRED IN THIS FORECLOSURE CASE WHEN IT ENTERED A NUNC PRO TUNC ENTRY ALLOWING PLAINTIFF TO SWITCH LEGAL DESCRIPTIONS ON THE DECREE OF FORECLOSURE AFTER THE JUDGMENT BECAME FINAL, TO A LEGAL DESCRIPTION THAT WAS NOT PART OF PLAINTIFF'S RECORDED MORTGAGE, FORECLOSURE COMPLAINT, MOTION FOR SUMMARY JUDGMENT OR THE TRIAL COURT'S ORIGINAL DECREE. *Page 4 
 II. THE TRIAL COURT ERRED IN THIS FORECLOSURE CASE WHEN IT MODIFIED ITS ORIGINAL DECREE OF FORECLOSURE THROUGH AN EX PARTE, NUNC PRO TUNC ENTRY THAT WAS NEVER SERVED BY PLAINTIFF OR THE COURT UPON DEFENDANT-APPELLANT OR DEFENDANT-APPELLANT'S COUNSEL.
 {¶ 9} By the first assignment of error, appellant contends that the trial court erred by entering the nunc pro tunc entry allowing appellee to switch legal descriptions attached to the decree of foreclosure after the judgment became final to a legal description that was not part of appellee's recorded mortgage, foreclosure complaint, motion for summary judgment or the trial court's original decree.
 {¶ 10} The legal description attached to appellee's foreclosure complaint provides, as follows:
 PARCEL NUMBER:
 SITUATE IN THE STATE OF OHIO, THE COUNTY OF FRANKLIN AND BEING PART OF HALF SECTION 14, SECTION 10, TOWNSHIP 12, RANGE 22, REGURGEE LANDS, COLUMBUS, OHIO: ALSO BEING PART OF A CERTAIN 91.67 ACRE TRACT SHOWN OF RECORD IN DEED BOOK 1333, PAGE 589, RECORDS OF THE RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
 BEGINNING AT AN IRON PIN IN THE NORTHWESTERLY CORNER OF LOT NO. 11 OF THE GREENBRIER FARM, AS THE SAME IS SHOWN OF RECORD IN PLAT BOOK 30, PAGES 2 AND 3 AND PLAT BOOK 31, PAGE 14, OF THE AFOREMENTIONED RECORDS (SIC), SAID IRON PIN ALSO BEING THE SOUTHERLY LINE OF LOT NO. 12 OF SAID THE GREENBRIER FARM; THENCE S. 5 DEG. 50' W. AND ALONG THE WESTERLY LINE OF SAID LOT NO. 11, A DISTANCE OF 182.69 FT. TO AN IRON PIN AT THE SOUTHWESTERLY CORNER OF SAID LOT;
 THENCE N. 31 DEG. 22' W. A DISTANCE OF 112.47 FT. TO AN IRON PIN; *Page 5 
THENCE N. 5 DEG. 50' E. AND PARALLEL TO THE WESTERLY LINE OF SAID LOT NO. 11, A DISTANCE OF 80.00 FT. TO AN IRON PIN IN THE SOUTHERLY LIEN OF LOT NO. 12 OF SAID THE GREENBRIER FARM;
 THENCE N 84 DEG. 54' E. ALONG THE SOUTHERLY LINE OF SAID LOT NO. 12, A DISTANCE OF 69.25 FT. TO AN IRONPIN (SIC) AT THE PLACE OF BEGINNING, CONTAINING 0.205 ACRES, MORE OR LESS, SUBJECT TO ALL EASEMENTS AND RESTRICTIONS (SIC) SHOWN OF RECORD.
 PARCEL NUMBER: 010-120721
 ALSO COMMONLY KNOWN AS: 565 OLD FARM ROAD, COLUMBUS, OHIO 43213.
 {¶ 11} The description attached to appellee's motion for summary judgment provided as follows:
 Exhibit "A"
 Situated in the State of Ohio, County of Franklin and being part of Half Section 14, Section 10, Township 12, Range 22, Refugee Lands, Columbus, Ohio: Also being part of a certain 91.67 Acre Tract, shown of record in Deed Book 1333, Page 580, records of the Recorder's Office, Franklin County, Ohio and being more particularly described as follows:
 Beginning at an iron pin in two northwesterly corner of Lot No. Eleven (11) or the Greenbrier Farm, as the same is shown of record in Plat Book 38, Pages 2 and 3 and Plat Book 31, Page 14, of the aforementioned records, said iron pin also being the southerly line of Lot No. Twelve (12) of said The Greenbrier Farm; thence S. 5 degrees 50' W. and along the westerly line of said Lot No. Eleven (11), a distance of 132.69 ft. to an iron pin at the southwesterly corner of said lot;
 thence N. 31 degrees 22' W. a distance of 112.47 ft. to an iron pin;
 thence N. 5 degrees 50' E. and parallel to the westerly line of said Lot No. Eleven (11), a distance of 80.00 ft. to an iron pin *Page 6 
in the southerly line of Lot No. Twelve (12) of said the Greenbrier Farm;
 thence N. 84 degrees 55' E. along the southerly line of said Lot No. Twelve (12), a distance of 69.25 ft. to an iron pin at the place of beginning, containing 0.205 Acres, more or less.
 Parcel Two
 Situated in the State of Ohio, County of Franklin and in the City of Columbus:
 Being Lot Number Eleven (11) of the GREENBRIER FARM, as said lot is numbered and delineated upon the recorded plat thereof, of record in Plat Book 30, pages 2 and 3, Recorder's Office, Franklin County, Ohio.
 Parcel Nos. 010-022726 and 010-120721
 {¶ 12} The description attached to the trial court's March 20, 2007 entry provides, as follows:
 PARCEL NUMBER:
 SITUATE IN THE STATE OF OHIO, THE COUNTY OF FRANKLIN AND BEING PART OF HALF SECTION 14, SECTION 10, TOWNSHIP 12, RANGE 22, REGURGEE LANDS, COLUMBUS, OHIO: ALSO BEING PART OF A CERTAIN 91.67 ACRE TRACT SHOWN OF RECORD IN DEED BOOK 1333, PAGE 589, RECORDS OF THE RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
 BEGINNING AT AN IRON PIN IN THE NORTHWESTERLY CORNER OF LOT NO. 11 OF THE GREENBRIER FARM, AS THE SAME IS SHOWN OF RECORD IN PLAT BOOK 30, PAGES 2 AND 3 AND PLAT BOOK 31, PAGE 14, OF THE AFOREMENTIONED RECORDS, SAID IRON PIN ALSO BEING THE SOUTHERY LINE OF LOT NO. 12 OF SAID THE GREENBRIER FARM; THENCE S. 5 DEG. 50' W. AND ALONG THE WESTERLY LINE OF SAID LOT NO. 11, A DISTANCE OF 182.69 FT. TO AN IRON PIN AT THE SOUTHWESTERLY CORNER OF SAID LOT: *Page 7 
THENCE N. 31 DEG. 22' W. A DISTANCE OF 112.47 FT. TO AN IRON PIN;
 THENCE N. 5 DEG. 50' E. AND PARALLEL TO THE WESTERLY LINE OF SAID LOT NO. 11, A DISTANCE OF 80.00 FT. TO AN IRON PIN IN THE SOUTHERLY LIEN OF LOT NO. 12 OF SAID THE GREENBRIER FARM;
 THENCE N. 84 DEG. 54' E. ALONG THE SOUTHERLY LINE OF SAID LOT NO. 12, A DISTANCE OF 89.25 FT. TO AN IRON PIN AT THE PLACE OF BEGINNING, CONTAINING 0.205 ACRES, MORE OR LESS, SUBJECT TO ALL EASEMENTS AND RESTRICTIONS SHOWN OF RECORD.
 PARCEL NUMBER: 010-120721
 ALSO COMMONLY KNOWN AS: 565 OLD FARM ROAD, COLUMBUS, OHIO 43213.
 {¶ 13} The trial court's April 19, 2007 entry correcting legal description nunc pro tunc provides, as follows:
 It appearing to the Court that the legal description attached to the Entry Granting Summary Judgment and Decree in Foreclosure and Reformation of Mortgage of the Plaintiff Federal Home Loan Mortgage Corporation filed herein on March 20, 2007, contained an incorrect legal description in that it referenced Parcel No. 1, PPN 010-022726. Said parcel number references the 0.205 acres that is owned by Thomas Pace and is not encumbered by the mortgage subject to these foreclosure proceedings; accordingly
 IT IS HEREBY ORDERED that the legal description attached to the Entry Granting Summary Judgment and Decree in Foreclosure and Reformation of Mortgage of the Plaintiff Federal Home Loan Mortgage Corporation be amended nunc pro tune, to reference only Parcel No. 2, PPN 010-120721.
 {¶ 14} The description attached to the April 19, 2007 entry correcting legal description nunc pro tunc provides, as follows: *Page 8 
 SITUATE IN THE COUNTY OF FRANKLIN IN THE STATE OF OHIO, AND IN THE CITY OF COLUMBUS AND BOUNDED AND DESCRIBED AS FOLLOWS:
 BEING LOT NUMBER ELEVEN (11) OF THE GREEN-BRIER FARM, AS SAID LOT IS NUMBERED AND DELINEATED UPON THE RECORDED PLAT THEREOF, OF RECORD IN PLAT BOOK 30, PAGES 2 AND 3, RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO.
 PROPERTY ADDRESS: 5665 OLD FARM ROAD COLUMBUS OH 43213
 PARCEL NO. 010-120721 ADDRESS: 565 OLD FARM ROAD, COLUMBUS, OH, 43213
 {¶ 15} The trial court entered the nunc pro tunc entry substituting this last description for the description in the March 20, 2007 entry. Here, appellant would have no reason to file an appeal from the March 20, 2007 entry. The trial court found that she had not signed the promissory note, although she did execute the mortgage. Further, the legal description attached described the property owned by Thomas Pace, Parcel No. 1, not the property owned by appellant. Thus, the time for appeal had run on the day the nunc pro tunc entry was entered.
 {¶ 16} The purpose of a nunc pro tunc entry is to have the judgment of the court reflect its true action. McKay v. McKay (1985),24 Ohio App.3d 74. A nunc pro tunc can be exercised only to supply omissions in the exercise of functions which are merely clerical. Jacks v. Adamson
(1897), 56 Ohio St. 397. It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. Webb v. Western Reserve Bond Share Co. (1926),115 Ohio St. 247.
 {¶ 17} In this case, the trial court did not merely correct a clerical error but, rather, substantially altered its prior entry by changing the property description. Such a *Page 9 
change was far beyond the scope of correcting a clerical mistake, and appellant's first assignment of error is well-taken.
 {¶ 18} By the second assignment of error, appellant contends that the trial court erred in this foreclosure case when it modified its original decree of foreclosure through an ex parte, nunc pro tunc entry that was never served by plaintiff or the court upon defendant-appellant or defendant-appellant's counsel. Given our disposition of the first assignment of error, we have already determined that the trial court erred in modifying its original decree through the nunc pro tunc entry, thus, the second assignment of error is rendered moot.
 {¶ 19} For the foregoing reasons, appellant's first assignment of error is sustained, the second assignment of error is rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed, and cause remanded.
 KLATT and TYACK, JJ., concur.
BRYANT, T., J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1