[Cite as *Fed. Natl. Mtge. Assn. v. Slavin*, 2014-Ohio-3524.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Federal National Mortgage Association, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-13 |
| v. | : | (C.P.C. No. 10CVE-11-17178) |
| Richard C. Slavin et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on August 14, 2014

*Leerner, Sampson & Rothfuss, LPA,* and *Adam R. Fogelman*, for appellee.

*Richard C. Slavin*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendants-appellants, Richard C. Slavin and Melissa A. Slavin ("appellants"), appeal the Franklin County Court of Common Pleas' December 6, 2013 judgment of default and foreclosure in favor of plaintiff-appellee, Federal National Mortgage Association ("FNMA").

{¶ 2} On November 23, 2010, FNMA filed a complaint against appellants. Appellants requested the court refer the matter for mediation and extend the time for filing an answer. The court referred the matter for mediation and ordered that appellants file an answer no later than 28 days after completion of the mediation process.

{¶ 3} Mediation was not successful. Appellants did not file an answer by the due date of September 23, 2011. FNMA filed a motion for default judgment, which the court granted. Appellants appealed, and the appeal was docketed as case No. 11AP-1033. Appellants also filed a motion for relief from judgment pursuant to Civ.R. 60(B), which

the trial court denied.  Appellants again appealed, and that appeal was docketed as case No. 12AP-153.  This court consolidated the appeals on February 29, 2012.  We found the trial court erred in granting default judgment in favor of FNMA because the proceedings in the trial court did not comply with Loc.R. 55.01 of the Franklin County Court of Common Pleas, General Division, requiring written notice of a hearing on a motion for default judgment upon a defendant who has appeared in the action.  On August 9, 2012, we reversed and remanded the case to the trial court.  *Fed. Natl. Mtge. Assn. v. Slavin*, 10th Dist. No. 11AP-1033 (Aug. 9, 2012).  ("*Slavin I.*")

{¶ 4}  On remand, the trial court vacated the default judgment and set a new case schedule, including a dispositive motion date of March 18, 2013.  On January 11, 2013, FNMA filed a motion for summary judgment.  At this time, appellants requested an extension of the deadline for filing a memorandum contra.   The trial court granted the request and gave appellants until February 26, 2013 to file a memorandum contra.  On this date, rather than filing a memorandum contra, appellants filed a notice of stay upon filing of bankruptcy.  On March 25, 2013, the trial court stayed the case.

{¶ 5}  The bankruptcy case was dismissed and, on October 24, 2013, FNMA requested that the stay be lifted and the case be reinstated.  By entry dated November 8, 2013, the trial court reinstated the case to the active docket.  The entry also noted that the motion for summary judgment was still pending and that the court would "issue a decision regarding the same forthwith."  A month later, on December 6, 2013, the trial court granted summary judgment in favor of FNMA.  Appellants filed a timely notice of appeal asserting the following assignments of error:

> [1.] The trial court erred when it failed to afford appellants an opportunity to oppose appellee's motion for summary judgment upon reactivation of the case.

> [2.] The trial court erred in filing a nunc pro tunc judgment on February 19, 2014 after the case had been appealed and the record transferred.

{¶ 6}  In the first assignment of error, appellants do not challenge the merits of granting the motion for summary judgment.  Rather, they allege the trial court erred by not giving them additional time to file a memorandum contra to the motion for summary

judgment after the bankruptcy stay was lifted.  In essence, appellants allege the trial court erred by not granting a continuance or an extension of time to file a memorandum contra.

{¶ 7}    The legal standard for an appellate review of a trial court's decision regarding a motion for extension of time is whether the court abused its discretion.  *Tate v. Owens State Community College*, 10th Dist. No. 10AP-1201, 2011-Ohio-3452, ¶ 12, citing *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St. 3d 343, 345, 2006-Ohio-4574.

{¶ 8}    However, we note that, after the bankruptcy stay was lifted, appellants did not file a motion for continuance or extension of time.  Nor did they file a request for leave to file a memorandum contra out of time.  Finally, they did not object in any way to the trial court's notice, in the November 8, 2013 entry, that it would issue a decision regarding the pending motion for summary judgment forthwith.  It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. Childs*, 14 Ohio St.2d 56 (1968), syllabus.

{¶ 9}    We find that appellants waived the first assignment of error as they did not raise it before the trial court.  Furthermore, even if they had raised it, the trial court did not abuse its discretion in not allowing more time to file a memorandum contra.  First, appellants did not request an extension, even after the court noted in its November 8, 2013 entry that the motion for summary judgment was still pending and that it would issue a decision regarding the same "forthwith."  Second, the trial court had already granted an extension of time to appellants, and appellants missed the extended deadline. On January 6, 2011, the trial court granted appellants' request for foreclosure mediation and extension of time to file an answer.  The court gave appellants no later than 28 days after the completion of the mediation process to file an answer.  On August 26, 2011, the trial court was notified by the court's mediation coordinator that appellants were not responding to a request for financial information and, therefore, the case was being sent to the active docket.  Appellants did not file an answer within the 28-day period. Furthermore, on January 25, 2013, the trial court granted appellants' motion for extension of time to file a memorandum contra FNMA's motion for summary judgment.

The court gave appellants until February 25, 2013 to file their memorandum contra. On February 26, 2013, instead of filing a memorandum contra, appellants' counsel filed a notice of bankruptcy. Taking all this into consideration, we would not find the trial court abused its discretion.

{¶ 10} Accordingly, we overrule appellants' first assignment of error.

{¶ 11} In the second assignment of error, appellants challenge a nunc pro tunc entry filed by the trial court on February 19, 2014, after the notice of appeal had been filed. The nunc pro tunc entry in question was indeed filed after the notice of appeal was filed on January 6, 2014 and after the record was transmitted to this court on January 16, 2014. The nunc pro tunc entry set aside the February 17, 2012 sheriff's sale.

{¶ 12} We begin by noting that " '[t]he general rule is that when an appeal is taken from the [court] the latter court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court. Hence, during the pendency of an appeal it is generally held that [a court] is without power * * * to vacate, alter or amend the judgment under Rule 60(B), whether the 60(B) motion is made prior to or after the appeal is taken, except with permission of the appellate court.' " *Majnaric v. Majnaric,* 46 Ohio App.2d 157, 159 (9th Dist.1975), quoting 7 Moore, Federal Practices, Par. 60:30(2) (2d ed.1970). *See also Trala v. Turney*, 6th Dist. No. L-06-1085, 2006-Ohio-6999, ¶ 16. However, there are circumstances when the general rule will not apply. In *Columbus v. Adams*, 10 Ohio St.3d 57, 60 (1984), fn. 1, the Supreme Court of Ohio defined the jurisdiction of a lower court after the timely filing of a notice of appeal from the court: "[T]he lower court loses jurisdiction to enter an order which could impair the appellate court's ability to exercise appellate jurisdiction over the issue appealed to that court." *Cm Newspapers, Inc. v. Dawson,* 10th Dist. No. 91AP-1067 (Jan. 28, 1992), citing *Adams.*

{¶ 13} Here, the trial court entered the nunc pro tunc entry after the notice of appeal had been filed. However, in no way did the nunc pro tunc entry impair our ability to review whether the trial court erred in not extending the deadline for appellants to file a memorandum contra to FNMA's motion for summary judgment. Rather, the nunc pro tunc entry merely recognized our reversal of the court's prior default judgment in favor of appellee in *Slavin I.* Preferably, the trial court would have entered the nunc pro tunc

entry prior to the filing of the notice of appeal.  However, in its November 8, 2013 order reinstating the case to the active docket before the notice of appeal was filed, the trial court acknowledged our reversal and remand in *Slavin I* and stated:  "[I]t is apparent that the court's former judgment was reversed and remanded by the Tenth District Court of Appeals.  Therefore, there is no effective judgment in this matter."  The nunc pro tunc entry merely echoed our reversal in *Slavin I*.

{¶ 14} We further note that "[t]he purpose of a nunc pro tunc entry is to have the judgment of the court reflect its true action.  A nunc pro tunc can be exercised only to supply omissions in the exercise of functions which are merely clerical.  It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide." (Citations omitted.)  *Fed. Home Loan Mtge. Corp. v. LeMasters*, 10th Dist. No. 07AP-420, 2008-Ohio-4371, ¶ 16. The nunc pro tunc entry at issue here went far beyond the purpose of a nunc pro tunc entry as it ordered more than a mere clerical correction.  Rather, it ordered the vacation of a prior judgment of the court.  However, as noted above, *Slavin I* had already reversed the prior judgment, and the trial court already recognized the same on November 8, 2013.

{¶ 15} No harm resulted to appellant by the nunc pro tunc entry.  Although the entry goes beyond the purpose contemplated by a nunc pro tunc entry, it merely recognized our reversal of the prior judgment in *Slavin I*, which the trial court already did in its November 8, 2013 entry.   Furthermore, we are not impaired in our review of the first assignment of error.

{¶ 16} Accordingly, we overrule appellants' second assignment of error.

{¶ 17} Having overruled appellants' two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and O'GRADY, JJ., concur.

_____