[Cite as *Green Tree Servicing L.L.C. v. Columbus & Cent. Ohio Children's Chorus Found.*, 2016-Ohio-3426.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Green Tree Servicing LLC, | : | |
| Plaintiff-Appellee, | : | No. 15AP-802 |
| v. | : | (C.P.C. No. 14CV-8619) |
| Columbus and Central Ohio Children's Chorus Foundation, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on June 14, 2016

**On brief:** *Cooke Demers, LLC, David J. Demers*, and *Adam J. Bennett*, for appellee. **Argued:** *Adam J. Bennett.*

**On brief:** *Brunner Quinn, Rick L. Brunner*, and *Peter A. Contreras*, for appellant. **Argued:** *Peter A. Contreras.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Columbus and Central Ohio Children's Chorus Foundation ("Children's Chorus"), appeals a judgment of the Franklin County Court of Common Pleas that ordered the foreclosure and sale of property mortgaged to plaintiff-appellee, Green Tree Servicing LLC ("Green Tree"). Because we lack jurisdiction over this appeal, we dismiss it.

{¶ 2} On August 19, 2014, Green Tree filed a foreclosure action against Antonia Jo Asterino Starcher and James Starcher. In the complaint, Green Tree alleged that Asterino Starcher had executed a note that was secured by a mortgage on real property owned by

both Starchers.  Green Tree also alleged that it possessed the note and held the mortgage and that Asterino Starcher had defaulted on the note and owed $273,239.91, plus interest and late charges.  Green Tree sought a money judgment in the amount owed under the note, foreclosure of the mortgage, and sale of the property with the proceeds applied to the money judgment.

{¶ 3}   In addition to naming the Starchers as defendants, Green Tree also named six other defendants:  Third Federal Savings and Loan Association of Cleveland,[1] the United States of America, the Ohio Department of Taxation, the Columbus School for Girls, the Children's Chorus, and the Franklin County Treasurer.  Green Tree named these defendants because it believed that each had an interest in the Starchers' property by virtue of a recorded lien on the property.  The complaint asked the trial court to determine the validity and priority of all liens against the property.

{¶ 4}   The United States, the Columbus School for Girls, the Children's Chorus, and the Franklin County Treasurer answered the complaint and asserted their rights under their respective liens.  In addition to answering the complaint, the Children's Chorus also brought a cross-claim and counterclaim.

{¶ 5}   Green Tree moved for summary judgment against Asterino Starcher.  The trial court granted that motion and issued a judgment decree in foreclosure.  In relevant part, the July 29, 2015 judgment stated that Green Tree had "a valid and subsisting lien on the subject premises, superior to all liens, claims and interests, except the Treasurer of this County for taxes."  (Jgmt. Decree in Foreclosure at ¶ 6.)  The judgment ordered the sheriff to pay proceeds from the sale of the Starchers' property first to the court clerk (to pay costs), then to the Franklin County Treasurer, and then to Green Tree, before depositing any remaining proceeds with the court clerk to await further orders of the trial court.  The judgment, however, did not rule on the validity or priority of the liens held by the United States, the Columbus School for Girls, or the Children's Chorus.

---

[1] Green Tree voluntarily dismissed Third Federal Savings and Loan Association of Cleveland after it discovered that the savings and loan had released its mortgage on the Starchers' property and, thus, no longer had an interest in the property.

{¶ 6}   The Children's Chorus now appeals the July 29, 2015 judgment decree in foreclosure.  We cannot address the merits of the Children's Chorus' appeal because we lack jurisdiction over it.

{¶ 7}   As a preliminary matter, we recognize that neither party has questioned our jurisdiction over this appeal.  The parties' failure to raise the jurisdictional issue does not impede our ability to examine that issue.  An appellate court may sua sponte consider whether the order before it is final and appealable.  *State ex rel. White v. Cuyahoga Metro. Housing Auth.*, 79 Ohio St.3d 543, 544 (1997); *Noble v. Cowell*, 44 Ohio St.3d 92, 94 (1989), fn. 1.  We thus take up the question of jurisdiction on our own initiative.

{¶ 8}   Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) restrict the appellate jurisdiction of courts of appeal to the review of final orders.  *Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012-Ohio-2582, ¶ 5.  In the absence of a final order, an appellate court has no jurisdiction.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14.  An order is final only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54.  *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 10.  Pursuant to R.C. 2505.02(B), an order is a final order when it is one of the following:

> (1)  An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2)  An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3)  An order that vacates or sets aside a judgment or grants a new trial;
>
> (4)  An order that grants or denies a provisional remedy * * *;
>
> (5)  An order that determines that an action may or may not be maintained as a class action;
>
> (6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub.S.B. 281 of the 124th general assembly * * *;

> (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 9} For an order to be final under R.C. 2505.02(B)(1), the order " 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' "  *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).  A judgment decree in foreclosure fully disposes of liability if it "determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *Roznowski* at ¶ 39; *see also id.* at ¶ 24-25.  Thus, to qualify as a final order under R.C. 2505.02(B)(1), a foreclosure decree must account for each lienholder's interest and delineate each lienholder's rights.  *Id.* at ¶ 20-21; *accord Bank of Am., N.A. v. Flowers*, 10th Dist. No. 14AP-451, 2014-Ohio-5249, ¶ 15, quoting *Second Natl. Bank of Warren v. Walling*, 7th Dist. No. 01-CA-62, 2002-Ohio-3852, ¶ 18 (" '[A] judgment entry ordering a foreclosure sale is not final and appealable unless it resolves all of the issues involved in the foreclosure, including the following:  whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants.' "); *Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216, ¶ 19, quoting *Davilla v. Harman*, 7th Dist. No. 06 MA 89, 2007-Ohio-3146, ¶ 18 (" 'A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure.  This includes the questions of outstanding liens, including what other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants.' ").

{¶ 10} In the case at bar, three defendants—the United States, the Columbus School for Girls, and the Children's Chorus—have filed answers asserting their rights under the liens each defendant recorded on the Starchers' property.  The July 29, 2015 judgment decree in foreclosure, however, does not mention these liens, much less determine the order of priority of the liens or the amount owed to each defendant.  Due to

this lapse, the July 29, 2015 judgment decree in foreclosure is not a final order under R.C. 2505.02(B)(1).

{¶ 11} For an order to be final under R.C. 2505.02(B)(2), the order must result from a special proceeding. A "[s]pecial proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Foreclosure actions do not qualify as special proceedings because they were in existence prior to 1853. *Flowers* at ¶ 14. Consequently, the July 29, 2015 judgment decree in foreclosure is not a final order under R.C. 2505.02(B)(2).

{¶ 12} None of the remaining R.C. 2505.02(B) definitions of "final order" has plausible application to the July 29, 2015 judgment decree in foreclosure. We thus conclude that the judgment is not a final order under R.C. 2505.02(B).

{¶ 13} As a final matter, we turn to the statement in the July 29, 2015 judgment decree in foreclosure that "THE COURT FINDS THAT THERE IS NO JUST REASON FOR DELAY." (Emphasis sic.) (Jgmt. Decree in Foreclosure at 4.) This statement invokes Civ.R. 54(B). Under Civ.R. 54(B), when more than one claim for relief is presented or multiple parties are involved, a trial court may enter final judgment as to one or more but fewer than all of the claims or parties on an express determination that there is no just reason for delay. However, Civ.R. 54(B) is not applicable here. The mere incantation of Civ.R. 54(B) language does not convert an otherwise non-final order into a final, appealable order. *Noble* at 96. Before Civ.R. 54(B) can apply, the order at issue must qualify as a final order under R.C. 2505.02(B). *Id.* The July 29, 2015 judgment decree in foreclosure is not a final order under R.C. 2505.02(B), so the addition of Civ.R. 54(B) language does not transform it into a judgment that the Children's Chorus can appeal.

{¶ 14} For the foregoing reasons, we conclude that we lack jurisdiction over the July 29, 2015 judgment decree in foreclosure. Accordingly, we dismiss this appeal.

*Appeal dismissed.*

DORRIAN, P.J., and KLATT, J., concur.

_____