[Cite as *L. Bryan Carr Co., LPA v. LaForge*, 2025-Ohio-889.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| L. BRYAN CARR CO., LPA, et al., | **CASE NO. 2024-G-0035** |
| Plaintiffs-Appellees, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MARILYN A. LAFORGE, f.k.a. DEL ZOPPO, et al., | Trial Court No. 2020 F 000495 |
| Defendant-Appellant. | |

# M E M O R A N D U M
# O P I N I O N

Decided: March 17, 2025
Judgment: Appeal dismissed and remanded

---

*Brian Green* and *Sean Burke*, Shapero & Green, LLC, Signature Square, Building II, 25101 Chagrin Boulevard, Suite 220, Beachwood, OH 44122 (For Plaintiffs-Appellees).

*Andrew M. Engel*, *Marc E. Dann*, *Brian D. Flick*, *Whitney E. Kaster*, and *Marita I. Ramirez*, Dann Law, 15000 Madison Avenue, Lakewood, OH 44107 (For Defendant-Appellant).

*Casey P. O'Brien*, Ibold & O'Brien, 401 South Street, Village Station, Chardon, OH 44024 (Intervenor).


MATT LYNCH, J.

{¶1} Defendant-appellant, Marilyn A. LaForge, f.k.a. Del Zoppo, appeals from the judgment entry of the Geauga County Court of Common Pleas that awarded summary judgment to plaintiffs-appellees, L. Bryan Carr and L. Bryan Carr Co., LPA ("Carr Co."), and ordered a foreclosure on LaForge's property in Chardon, Ohio.

{¶2} We must first determine whether the trial court's July 16, 2024 judgment entry of foreclosure is a final appealable order because the trial court failed to determine the validity and priority of third-party intervenor Ibold & O'Brien's lien.

{¶3} Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) restrict the appellate jurisdiction of courts of appeals to the review of final orders. *Flynn v. Fairview Village Retirement Community, Ltd.*, 2012-Ohio-2582, ¶ 5. In the absence of a final order, an appellate court has no jurisdiction. *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14. An order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54. *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 10.

{¶4} Pursuant to R.C. 2505.02(B), an order is a final order . . . when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy . . .;
(5) An order that determines that an action may or may not be maintained as a class action;
(6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub.S.B. 281 of the 124th general assembly . . .;
(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;
(8) An order restraining or restricting enforcement . . . of any state statute or regulation . . . .

{¶5} For an order to be final under R.C. 2505.02(B)(1), the order "'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Natl. City Commercial Capital Corp. v. AAAA*

2

Case No. 2024-G-0035

*at Your Serv., Inc.*, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).

{¶6} The Ohio Supreme Court has held that a foreclosure decree is a final appealable order when each party's rights and responsibilities are fully set forth and all that remains is for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings. *Roznowski*, 2014-Ohio-1984, at ¶ 20. "Liability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale." *Id.* at ¶ 25. *See also Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 270 (1988) (a final judgment in a foreclosure proceeding determines "the rights of all the parties in the premises sought to be foreclosed upon").

{¶7} In *Green Tree Servicing, LLC v. Columbus & Cent. Ohio Children's Chorus Found.*, 2016-Ohio-3426 (10th Dist.), the Tenth District was presented with similar circumstances where the trial court failed to rule on the validity and priority of three liens held by three different defendants. *Id.* at ¶ 5. All three defendants answered the complaint and asserted their rights under their respective liens. *Id.* at ¶ 4. In reviewing final appealable orders pursuant to R.C. 2505.02(B), the court determined that due to the trial court's omission of the three liens/lienholders, the judgment decree of foreclosure was not a final order under R.C. 2505.02(B)(1). *Id.* at ¶ 10. Nor was it a special proceeding pursuant to R.C. 2505.02(B)(2) because foreclosure actions have been in existence prior to 1853. *Id.* at ¶ 11, citing R.C. 2505.02(A)(2) (defining "special proceeding"). Further, none of the remaining R.C. 2505.02(B) definitions of "final order"

3

had any application to the judgment decree in foreclosure. *Id.* at ¶ 12. The Tenth District dismissed the appeal, concluding the judgment was not a final order pursuant to R.C. 2505.02(B). *Id.* at ¶ 14.

{¶8} Here, Ibold and O'Brien filed a motion to intervene, which the trial court granted, and an answer asserting its right under its respective lien. Just as in *Green Tree*, the trial court in this case failed to determine the validity and priority of Ibold and O'Brien's lien in the final judgment entry of foreclosure. Thus, the judgment entry is not a final order pursuant to R.C. 2505.02(B).

{¶9} Pursuant to Civ.R. 54(B), when more than one claim for relief is presented or multiple parties are involved, a trial court may enter final judgment as to one or more but fewer than all of the claims or parties on an express determination that there is no just reason for delay. Although the judgment entry in this case invokes Civ.R. 54(B) by stating "[i]t is further ordered, adjudged and decreed that pursuant to Civ.R. 54(B) there is no just reason for delay," the mere incantation of Civ.R. 54(B) language does not convert an otherwise non-final order into a final appealable order. *See Green Tree*, 2016-Ohio-3426, at ¶ 13 (10th Dist.). "Before Civ.R. 54(B) can apply, the order at issue must qualify as a final order under R.C. 2505.02(B)." *Id. See also Milton Banking Company v. Adkins*, 2020-Ohio-1481, ¶ 13 (4th Dist.) (judgment entry of foreclosure was not a final appealable order because it did not resolve the interests of all lienholders).

{¶10} We note that upon a motion filed by Carr Co. on December 13, 2024, months after this notice of appeal was filed, the trial court attempted to correct this error by issuing a "nunc pro tunc" judgment entry on January 22, 2025, that added Ibold & O'Brien's lien. However, a nunc pro tunc entry is used to correct "*[c]lerical mistakes* in

4

Case No. 2024-G-0035

judgments, orders, or other parts of the record." (Emphasis added.) Civ.R. 60(A). The rule permits a trial court to modify a judgment if the judgment contains a clerical error, but not a substantive error. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.* Thus, the function of a nunc pro tunc entry is to have the record reflect what the court actually decided and not what the court might have or should have decided, or what the court intended to decide. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, (1995).

{¶11} "In contrast, the correction of substantive errors is governed by Civ.R. 60(B). That rule provides that a court may correct substantive errors upon motion of a party." *Pollock v. Hall*, 2017-Ohio-1218, ¶ 9 (6th Dist.).

{¶12} In this case, the trial court did not merely correct a clerical error. Instead, it attempted to substantively alter its prior entry by adding a lien/lienholder, i.e., by adding what it might have, should have, or intended to decide. Such a change is beyond the scope of correcting a clerical mistake. *See, e.g., Fed. Home Loan Mtg. Corp. v. LeMasters*, 2008-Ohio-4371, ¶ 17 (10th Dist.) (nunc pro tunc judgment entry of foreclosure went beyond the scope of correcting a clerical mistake where trial court attempted to correct legal description of property). As a result, the nunc pro tunc entry is rendered a legal nullity. *See Salisbury v. Salisbury*, 2006-Ohio-3543, ¶ 87, fn. 2 (11th Dist.) (nunc pro tunc entry that went beyond the scope of correcting a clerical error was considered a nullity); *Fraley v. Columbus Mobility Specialists, Inc.*, 2005-Ohio-361, ¶ 9 (10th Dist.) (same). Thus, we vacate the trial court's January 22, 2025 nunc pro tunc final judgment entry of foreclosure.

5

{¶13} For the foregoing reasons, we dismiss the instant appeal of the Geauga County Court of Common Pleas' July 17, 2024 final judgment entry of foreclosure for lack of a final appealable order, vacate the trial court's January 22, 2025 nunc pro tunc judgment entry of foreclosure, and remand the matter for the trial court to issue a final judgment entry of foreclosure in accordance with this opinion.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.