[Cite as *L. Bryan Carr Co., L.P.A. v. LaForge*, 2025-Ohio-4419.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| L. BRYAN CARR CO., L.P.A., et al., | **CASE NO. 2025-G-0008** |
| Plaintiffs-Appellees, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MARILYN A. LAFORGE, f.k.a. DEL ZOPPO, et al., | Trial Court No. 2020 F 000495 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: September 22, 2025
Judgment: Appeal dismissed; judgment vacated and remanded

*Brian J. Green* and *Sean Burke*, Shapero & Green, LLC, Signature Square, Building II, 25101 Chagrin Boulevard, Suite 220, Beachwood, OH 44122 (For Plaintiffs-Appellees).

*Andrew M. Engel*, *Marc E. Dann*, *Brian D. Flick*, *Whitney E. Kaster* and *Marita I. Ramirez*, Dann Law, 15000 Madison Avenue, Lakewood, OH 44107 (For Defendant-Appellant Marilyn A. LaForge).

*Kristen Rine*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, 3rd Floor, Chardon, OH 44024 (For Defendant Geauga County Treasurer).

*Casey P. O'Brien*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (Intervenor).

MATT LYNCH, J.

{¶1}    Appellant, Marilyn A. LaForge, f.k.a. Del Zoppo, appeals the judgment of the Geauga County Court of Common Pleas confirming the sale of her real property and ordering the delivery of the deed and the distribution of the proceeds.  Because the trial court did not follow our remand instructions following LaForge's appeal in *L. Bryan Carr v. LaForge*, 2025-Ohio-889 (11th Dist.) ("*Carr I*"), and failed to issue a final judgment entry

of foreclosure, we dismiss the instant appeal for lack of a final appealable order, vacate the trial court's order confirming the sale, and remand the matter for the trial court to follow the law of the case and proceed with a final judgment entry of foreclosure that determines the validity and priority of all the liens/lienholders.

{¶2} On February 21, 2025, while *Carr I* was pending, the trial court issued a judgment confirming the sale and ordering the delivery of the deed and the distribution of the proceeds. On March 7, 2025, the trial court issued a "corrected entry confirming sale and ordering deed and distribution," to correct the amount due to the auditor and the deed's number of pages. LaForge appealed on March 13, 2025, and we issued our decision in *Carr I* on March 17, 2025.

{¶3} In *Carr I*, we determined the final judgment entry of foreclosure was not a final appealable order because the court omitted a lien/lienholder and thus failed to determine the validity and priority of all liens/lienholders. *Id.* at ¶ 8. We further determined the trial court's attempt to correct the missing lien/lienholder via a nunc pro tunc judgment entry was a nullity because such a substantive change was outside the scope of a clerical error. *Id.* at ¶ 12. We dismissed LaForge's appeal, vacated the nunc pro tunc judgment entry of foreclosure, and remanded the matter for the trial court to issue a proper final judgment entry of foreclosure. *Id.* at ¶ 13.

{¶4} At the outset, we note this court and the trial court are bound by the law-of-the-case doctrine, which "provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 22 ("*Sponaugle III*"). "The rule ensures consistent results in a case, avoids endless litigation

Case No. 2025-G-0008

by settling the issues, and preserves the constitutional structure of superior and inferior courts." *Id*.

{¶5}  Following the law of the case here, there is no final judgment entry of foreclosure.  *See Carr I*, 2025-Ohio-889, at ¶ 8 (11th Dist.).  Thus, we must determine whether the trial court's order executing the foreclosure decree and confirming the sale of LaForge's property is a final appealable order.

{¶6}  Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) restrict the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees.  *Flynn v. Fairview Village Retirement Community, Ltd.*, 2012-Ohio-2582, ¶ 5.  In the absence of a final order, an appellate court has no jurisdiction. *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14.  An order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54.  *Id*. at ¶ 15; *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 10.

{¶7}  Pursuant to R.C. 2505.02(B), an order is a final order when it is one of the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy . . . ;
>
> (5) An order that determines that an action may or may not be maintained as a class action;

Case No. 2025-G-0008

(6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub.S.B. 281 of the 124th general assembly . . .;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;

(8) An order restraining or restricting enforcement . . . of any state statute or regulation . . .

{¶8} For an order to be final under R.C. 2505.02(B)(1), the order "'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).

{¶9} The foreclosure process consists of two stages that result in final appealable orders: (1) the final foreclosure decree and (2) the judgment confirming the sale. *See Sponaugle III*, 2019-Ohio-2518, at ¶ 18.

{¶10} A foreclosure decree is a final appealable order when each party's rights and responsibilities are fully set forth and all that remains is for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings. *See Roznowski*, 2014-Ohio-1984, at ¶ 20.

{¶11} The confirmation of sale, which is at issue here, "is an ancillary proceeding limited to whether the sheriff's sale conformed to law. . . . If the trial court, after examining the proceedings, finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds [pursuant to R.C. 2329.31]." *Sponaugle III* at ¶ 19. "An appeal of the confirmation of sale is limited to challenging the confirmation order itself and to issues

Case No. 2025-G-0008

related to confirmation proceedings—for example, computation of the final total amount owed by the mortgagor, accrued interest, and amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Id*., citing *Roznowski* at ¶ 40. "The trial court's decision to confirm a sheriff's sale of property will not be reversed absent an abuse of discretion." *Id*.

{¶12} In *Farmers State Bank v. Sponaugle*, 2017-Ohio-4322 (2d Dist.) ("*Sponaugle II"*), the Second District reviewed that it had determined in a prior appeal that the foreclosure decree was not a final appealable order because the decree did not state the amount due on all the liens. *Id.* at ¶ 10, citing *Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 16CA2 ("*Sponaugle I*"). Just as in the instant case, while the first appeal was pending, the appellants failed to post a supersedeas bond and a sheriff's sale was conducted. *Id.* at ¶ 8. The trial court denied the appellants' motion to vacate the sale and, on the same day in a separate entry, confirmed the sale and ordered the distribution of the proceeds and the delivery of the deed. *Id.* at ¶ 11-12. Appellants appealed the confirmation of sale, and the appellate court concluded the trial court erred when it confirmed the sale without a final appealable decree of foreclosure. *Id.* at ¶ 31. The Second District reversed the order confirming the sale and remanded the matter for the trial court to vacate the confirmation order and enter a final judgment of foreclosure that was a final appealable order. *Id*. at ¶ 33.

{¶13} The Supreme Court of Ohio disagreed that the final judgment entry of foreclosure was not a final appealable order because, unlike the instant case, it "determined the extent of each lienholder's interest, set out the priority of the liens, and determined the rights and responsibilities of each party." *Sponaugle III*, 2019-Ohio-2518, at ¶ 32. All that remained was mathematics, and the trial court simply had to set forth the

Case No. 2025-G-0008

amounts of the taxes after the sale of the property. *Id.* The Supreme Court reversed the Second District's judgment in *Sponaugle II* and reinstated the trial court's confirmation of sale. *Id*. at ¶ 34. And while the concurrence in *Sponaugle III* concludes that a foreclosure decree does not always have to be a final appealable order for the order confirming the sale to be a final appealable order, it did so on the grounds that the "trial court had fully determined the obligations of each party," *id.* at ¶ 54 (DeWine, J., concurring).

{¶14} In *Carr I*, 2025-Ohio-889, at ¶ 8 (11th Dist.), we determined the trial court's final judgment entry of foreclosure was not a final appealable order because it failed to determine the obligations and/or rights and responsibilities of all the parties. It did not merely have to enter the amounts due like the final judgment of foreclosure at issue in *Sponaugle III.* Thus, in this case, the judgment confirming the sale and ordering the delivery of the deed and distribution of the proceeds is not a final appealable order without a final judgment of foreclosure. Although we lack jurisdiction to review its merits, the law of the case requires that we vacate this confirmation order as it was entered without the necessary predicate final judgment of foreclosure.

{¶15} Accordingly, we dismiss the instant appeal for lack of a final appealable order, vacate the Geauga County Court of Common Pleas' order confirming the sale and remand the matter for the trial court to follow the law of the case and first issue a valid final judgment of foreclosure that determines the validity and priority of all the liens/lienholders.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-G-0008

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, we dismiss the instant appeal for lack of a final appealable order, vacate the Geauga County Court of Common Pleas' order confirming the sale and remand the matter for the trial court to follow the law of the case and first issue a valid final judgment of foreclosure that determines the validity and priority of all the liens/lienholders.

Costs to be taxed against the parties equally.

JUDGE MATT LYNCH

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0008