Pokorny et al., Appellees, *v.* Tilby Development Company, Appellant, et al.

(No. 77-123—Decided December 21, 1977.)

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. Stephen E. DeJohn*, for appellees.

*Messrs. Merkel, Campbell, Dill & Zetzer, Mr. Michael T. Gavin, Mr. Eli Manos, Messrs. Carney, Carney & Broadbent* and *Mr. Howard W. Broadbent*, for appellant.

*Per Curiam.* The issue in the instant cause is whether appellant could appeal the judgment of the Probate Court

confirming the award of compensation determined by the jury. Civ. R. 58 provides:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. * * *"

Civ. R. 54(A) defines "judgment" as "a decree and any order from which an appeal lies."

Thus, in the situation where Civ. R. 54(B) is inapplicable, the Civil Rules formally require that before a party may appeal a decree or any order rendered by the lower court, the law of Ohio must permit the appeal, and the decree or order must be signed by the court and filed with the clerk for journalization.

However, in the situation where Civ. R. 54(B) is applicable, the Civil Rules provide that the appeal from a decree or any order cannot be made unless there also is an express determination made by the court in its journal entry that there is no just reason for delay in entering a final order from which an appeal may be taken.

In the instant cause, the Probate Court rendered a judgment confirming the award determined by the jury and ordering distribution of the amount to the appellant. The court signed the judgment entry and filed it with the clerk for journalization. The court made no express determination in its entry that there was no just reason for delay in entering a final, appealable order. Thus, absent the possible application of Civ. R. 54(B), the judgment entered by the Probate Court met all the formal requirements of the Civil Rules upon which appeal could be taken.

We therefore are confronted with the issue of whether Civ. R. 54(B) applies in the present proceedings. Civ. R. 54(B) applies in those situations where, on the one hand, there is more than one claim for relief presented or multiple parties involved in an action, and where, on the other hand, the lower court has rendered a partial judgment with re-

spect to one of the parties, or one of the claims. The purposes of the rule are "to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals" (*Alexander* v. *Buckeye Pipe Line* [1977], 49 Ohio St. 2d 158, 160), as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal (Staff Note to Civ. R. 54[B]).

In reviewing the procedural history of this cause, we find that although there was a cross-complaint filed by the county treasurer requesting a first lien on appellant's property, this issue was specifically disposed of in the Probate Court's journal entry dated October 29, 1973. In the entry of judgment, the court found that the interests of the county were adequately protected irrespective of the property to be appropriated. Thus, at the time the jury determined the amount of compensation to be awarded the property owner, there was only one party defendant, the appellant, and one issue, the proper valuation of the property to be appropriated. Clearly, the specific provisions and purposes of Civ. R. 54(B) indicate that the rule is inapplicable to the appeal brought by the appellant in this cause.

Because the Court of Appeals improperly applied Civ. R. 54(B), the judgment dismissing the appeal is reversed, and the cause is remanded to that court for a hearing on the merits.

*Judgment reversed.*

O'Neill, C. J., Herbert, Celebrezze, McCormac, P. Brown and Sweeney, JJ., concur.

Locher, J., not participating.

McCormac, J., of Tenth Appellate District, sitting for W. Brown, J.