DECISION AND JUDGMENT ENTRY
{¶ 1} Charles and Debra Eddie appeal the trial court's decisions denying their motions for a new trial, for a bill of costs, and for prejudgment interest in this personal injury action. The Eddies advance three assignments of error. However, because the trial court's decisions do not constitute final, appealable orders, we are without jurisdiction to consider this appeal and must dismiss it.
 I. FACTS {¶ 2} After Mr. Eddie suffered injuries when Saunders' vehicle hit his motorcycle, he and his wife filed a complaint against Saunders for negligence and loss of consortium. The complaint also contained a cause of action against *Page 2 
the Eddies' automobile liability insurer, United Services Automobile Association. The Eddies requested the court to determine that they are entitled to uninsured/underinsured motorist (UIM) coverage under the policy. The Eddies further requested the court to declare that R.C. 2315.18, 2315.19, and 2315.20 are unconstitutional. The complaint additionally contained a cause of action against Mr. Eddie's health insurer, but the Eddies later dismissed this defendant.
 {¶ 3} Later, upon the Eddies' request, the court added Holzer Hospital Foundation, Inc. and Holzer Medical Center (Holzer) as defendants having an interest in the action as an assignor, assignee, subrogor, or subrogee. Although it appears the court served Holzer's counsel with a copy of this entry, Holzer never entered an appearance in the action.
 {¶ 4} Saunders subsequently filed a motion to bifurcate the Eddies' claims against USAA, arguing that reference to insurance coverage would be unduly prejudicial to Saunders. The court subsequently granted the motion, to a limited extent. The court ordered that USAA participate at trial and work with Saunders to avoid duplicitous examination of witnesses. The court further prohibited the parties from mentioning the Eddies' insurance coverage through USAA. However, it does not appear that the court actually bifurcated the claims against USAA, but the parties apparently proceeded as if the court had.
 {¶ 5} After a trial on the negligence claim against Saunders, the jury returned a verdict in the Eddies' favor. The jury initially awarded damages for past medical expenses and past lost earnings, but no damages for past pain and suffering. Upon further instruction from the trial court, the jury returned to its *Page 3 
deliberations and then returned with a verdict awarding $5,600 for past medical expenses, $5,000 for past lost earnings, and $5,300 for past pain and suffering. The Eddies' orally moved for a new trial and stated that they would file a written motion stating all of the grounds that they believed warranted a new trial. The court deferred ruling on the motion.
 {¶ 6} The court subsequently entered judgment in the Eddies' favor on their negligence claim against Saunders in the amount of $15,900. The court's judgment entry states: "This is a judgment or final order, which may be appealed."
 {¶ 7} On April 2, 2007, the Eddies filed their written new trial motion. They claimed that they were entitled to a new trial under Civ. R. 59(A)(1), (2), (4), (6), (7), and (9). After some procedural wrangling, the court overruled the motion in all aspects.
 {¶ 8} The Eddies also filed a motion for bill of costs. They requested the court to award them the following costs: (1) $309.05 to Latimer Reporting for Dr. Strasburger's and Dr. Morin's depositions; (2) $561.43 to Behlen Video for videotaping Dr. Strasburger's and Dr. Morin's depositions; (3) $375 to Family Physicians Group for Dr. Morin's trial deposition fee; (4) $40.50 to Family Physicians Group for a copy of an exhibit to Dr. Morin's deposition; (5) $1,500 to Nebraska Ortho. 
Sports Med. For Dr. Strasburger's trial deposition fee; (5) $291 to United Airlines for airfare to Lincoln, Nebraska to attend Dr. Strasburger's and Dr. Morin's depositions; and (6) $59.07 for a car rental and *Page 4 
$193 for a hotel in Nebraska. However, the court found that the expenses the Eddies submitted were not properly taxable as costs.
 {¶ 9} Finally, the Eddies requested the court to award them prejudgment interest. They argued that Saunders failed to make a good faith effort to respond to their settlement demand during trial. The court overruled the Eddies' motion for prejudgment interest. It disagreed with the Eddies' assertion that Saunders' inability to contact an adjuster during trial negotiations was a failure to respond to a good faith settlement demand. The court observed that the Eddies stood fast at $135,000, and thus, one could equally argue that they failed to make a good faith effort to settle. The court found no evidence that Saunders or USAA failed to fully cooperate in the discovery proceedings, that they failed to rationally evaluate the risks, or that they attempted to unnecessarily delay the proceedings.
 II. ASSIGNMENTS OF ERROR {¶ 10} The Eddies raise three assignments of error.
 First Assignment of Error:
 "The trial court committed reversible error in denying the motion for new trial of appellants, Charles and Debra Eddie."
 Second Assignment of Error:
 "The trial court committed reversible error in denying the motion for a bill of costs of appellants, Charles and Debra Eddie."
 Third Assignment of Error:
 "The trial court committed reversible error in denying the motion for prejudgment interest of appellants, Charles and Debra Eddie."
 III. NO FINAL, APPEALABLE ORDER {¶ 11} Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Under Section 3(B)(2), Article IV
of the Ohio Constitution, *Page 5 
courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) similarly limits the appellate jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter and must dismiss the appeal. Mortgage. Electronic Registration Sys. v.Mullins, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17;Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d. 207, 210,621 N.E.2d 1360, fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501,617 N.E.2d 701. An order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B), if applicable, are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88, 541 N.E.2d 64.
 {¶ 12} Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." "`For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" State ex rel.Downs v. Panioto, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, at ¶ 20, quoting Hamilton Cty. Bd. of Retardation DevelopmentalDisabilities v. Professionals Guild of Ohio (1989), 46 Ohio St.3d 147,153, 545 N.E.2d 1260; see, also, State ex rel. Bd. of StateTeachers *Page 6 Retirement Sys. of Ohio v. Davis, 113 Ohio St.3d 410, 416,2007-Ohio-2205, 865 N.E.2d 1289.
 {¶ 13} Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ. R. 54(B) to be a final, appealable order. That rule provides: "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of such a determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * * and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *."
 {¶ 14} The rationale of Civ. R. 54(B) is "`to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals,' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." Pokorny v. Tilby Dev. Co. (1977),52 Ohio St.2d 183, 186, 370 N.E.2d 738, quoting Alexander v. BuckeyePipe Line Co. (1977), 49 Ohio St.3d 158, 160, 359 N.E.2d 702. Absent the mandatory language "no just reason for delay," an order that does not dispose of all claims is not final and appealable. Noble v. Colwell
(1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381; see, also, Mezerkor v.Mezerkor (1994), 70 Ohio St.3d 304, 307, 638 N.E.2d 1007. *Page 7 
 {¶ 15} Here, the case involves multiple claims and multiple parties. First, after the Eddies filed their complaint, the court, upon the Eddies' motion, added Holzer as a defendant. However, the record does not show that the Eddies ever filed an amended complaint to name Holzer as a defendant or that they properly served Holzer with a copy of the complaint within the one-year period as Civ. R. 3(A) requires. See Civ. R. 3(A) (stating that a civil action is commenced upon the filing of a complaint if service is obtained within one year from filing upon a named defendant). Nor does it show that Holzer voluntarily appeared. Thus, the action was not formally commenced against Holzer. Accordingly, the "unresolved" claim against Holzer does not prevent the judgment from becoming final and appealable. See Tate v. Adena Regional Med. Ctr.155 Ohio App.3d 524, 2003-Ohio-7042, 801 N.E.2d 930, at ¶ 12.
 {¶ 16} Additionally, the Eddies brought a claim for negligence against Saunders, sought UIM coverage under the insurance policy that USAA issued, and sought a declaration that certain tort reform statutes are unconstitutional. The jury verdict resolved only one of the claims: the Eddies' negligence claim against Saunders. The trial court did not dispose of the UIM claim or the declaratory judgment claim. Moreover, the trial court did not use Civ. R. 54(B) language when entering judgment on the jury's verdict. Thus, the court's entry on the jury's verdict is not a final, appealable order. However, the Eddies are not appealing the court's entry on the jury's verdict, but the court's post-verdict decisions. The question becomes whether the remaining unresolved claims *Page 8 
prevent the trial court's post-verdict decisions from constituting final, appealable orders.
 {¶ 17} R.C. 2505.02(B)(3) provides that an order granting a new trial is a final order. However, "the statute confers no corresponding status on an order denying a motion for a new trial." Epic Properties v. OSULaBamba, Inc., Franklin App. No. 07AP-44, 2007-Ohio-5021, at ¶ 18. Generally, the denial of a motion for a new trial constitutes a final order only when an underlying final order exists. See id., citingGrossman v. Hawk Mfg. Co., Inc. (Dec. 29, 1992), Franklin App. No. 92AP-1026; see, also, Metz v. Hawn (July 30, 2001), Adams App. No. 00CA698 (stating that "[t]he denial of a motion for a new trial is an interlocutory order if the action has not been terminated by a final judgment"). Cf. Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 486 N.E.2d 99, syllabus ("An order vacating a judgment that was entered against less than all the parties and in which the trial court did not make an express determination that there was `no just reason for delay' is not a final appealable order.").
 {¶ 18} For example, in Epic Properties, the court held a trial regarding a "single, discreet issue and did not resolve any claim before the court." Thus, the trial court's entry following the trial did not constitute a final order. The appellate court held that because the entry was not a final order, the trial court's decision denying a motion for new trial was not a final order. See, also, Heropulos v. Phares
(Aug. 28, 2000), Stark App. No. 2000CA61 (concluding that denial of new trial motion did not constitute a final, appealable order when trial did not resolve all claims). *Page 9 
 {¶ 19} Similarly, in this case, the trial court's decision on the jury's verdict is not a final order. Because an underlying final order does not exist, the trial court's decision denying the Eddies' new trial motion is not a final order. Although the trial court's decision denying the Eddies' new trial motion states that it is "a final order," we are not bound by the trial court's determination on that issue, and such a provision does not overcome the lack of certification that there is no just cause for delay. See Thome v. Pettit (July 6, 2001), Washington App. No. 01CA6, 2001-Ohio-2493; Kowars v. Yount, Delaware App. No. 03-CA-E-09-045, 2004-Ohio-1741, at ¶ 6-8 (dismissing appeal when trial court entry stated that it was final and appealable but lacked a Civ. R. 54(B) determination of no just cause for delay).
 {¶ 20} For similar reasons, the trial court's orders denying the Eddies' motion for prejudgment interest and motion for costs are not final, appealable orders. Without an underlying final order, the post-trial decisions are not final and appealable.
 {¶ 21} Accordingly, we dismiss this appeal for lack of a final, appealable order.
 APPEAL DISMISSED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellants shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
 Kline, J.: Concurs in Judgment Only. *Page 1