DECISION AND JUDGMENT ENTRY
{¶ 1} Eric Braunlin appeals the trial court's enforcement of a settlement agreement he entered into with Heskett Insurance Agency, Inc. and Heskett Insurance Agency, Inc., d.b.a. Weisenberger Insurance Service (collectively "Heskett"). The trial court found that Braunlin breached the agreement by making four late payments and awarded Heskett liquidated damages. Braunlin contends that three of these payments *Page 2 
were timely because he "delivered," i.e. mailed, them prior to the dates specified in the agreement. He further contends that Heskett cannot enforce the liquidated damages clause in the settlement agreement because (1) Heskett has "unclean hands" and (2) the damages constitute a penalty. Finally, Braunlin argues that the trial court erred in finding that the awarded liquidated damages were non-dischargeable in bankruptcy. However, because an outstanding claim for attorney's fees and expenses remains undecided, the trial court's judgment does not constitute a final, appealable order. Thus, we lack jurisdiction to consider this appeal and must dismiss it.
 I. Facts {¶ 2} In February 2005 Heskett filed suit against Braunlin, one of its former insurance agents, and First Capital Insurance Services, Inc. ("First Capital"), a corporation formed by Braunlin. As part of its employment arrangement with Braunlin, Heskett was to receive 50% of Braunlin's commissions on the sale of insurance products. Heskett alleged that Braunlin used his position to sell insurance products to its new and existing customers through First Capital and other brokers, misappropriating Heskett's share of his commissions. Braunlin filed a counterclaim, alleging that Heskett breached its obligations under the parties' arrangement.
 {¶ 3} Prior to trial, the parties orally entered into a settlement agreement. The parties later reduced their agreement to a writing the trial court approved. Braunlin agreed to pay Heskett $25,000 in a series of eight payments of varying amounts. The parties agreed that Braunlin would pay liquidated damages on each late payment in an amount equal to the amount of the late payment. Furthermore, the parties agreed that the settlement was "of a debt which is not subject to discharge in bankruptcy under *Page 3 
Section 11 USC Section 523 (a)(2) and 523 (a)(4)[.]" The trial court issued an "Entry of Settlement" and retained jurisdiction to enforce the terms of the agreement until the parties filed an entry of dismissal with prejudice and satisfaction of judgment.
 {¶ 4} In January 2008, Heskett filed a motion for judgment enforcing the agreement. Heskett alleged that Braunlin made several late payments:
 (1) he failed to pay $1,500 on or before June 30, 2006; instead, payment was received a day or two late; (2) he failed to pay $2,000 on or before December 31, 2006; payment was received January 3, 2007; (3) he failed to pay $2,500 on or before September 30, 2007; payment was received October 1, 2007; and (4) he has yet to pay the final payment of $5,000, which was due on or before December 31, 2007.
Heskett asked the trial court to award it $16,000 — $5,000 for the December 31, 2007 payment and $11,000 in liquidated damages (i.e. $1,500 + $2,000 + $2,500 + $5,000). In addition, Heskett requested attorney's fees and expenses in bringing its motion. Subsequently, Braunlin sent the $5,000 payment, and Heskett reduced its request for relief by this amount. Braunlin filed a cross-motion for judgment enforcing the settlement agreement, requesting an entry of dismissal with prejudice and satisfaction of judgment on the grounds that Heskett received full payment of the $25,000.
 {¶ 5} After holding an evidentiary hearing, the trial court issued its Final Judgment Entry Enforcing the Settlement Agreement, which sustained Heskett's motion and overruled Braunlin's cross-motion. The court found that Braunlin made the four payments at issue late and ordered him to pay Heskett $11,000 in liquidated damages. In addition, the court found that this amount was not subject to discharge in bankruptcy under the terms of the settlement agreement. However, the court denied Heskett's request for attorney's fees and expenses as premature. Braunlin then filed this appeal. *Page 4 
 II. Assignments of Error {¶ 6} Braunlin assigns the following errors for our review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN SUSTAINING PLAINTIFFS-APPELLEES' MOTION FOR JUDGMENT ENFORCING THE SETTLEMENT AGREEMENT IN PART AND OVERRULING DEFENDANT-APPELLANT'S CROSS-MOTION FOR JUDGMENT ENFORCING THE SETTLEMENT AGREEMENT.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE PENALTY IMPOSED BY THE LIQUIDATED DAMAGES CLAUSE WAS NON-DISCHARGEABLE IN BANKRUPTCY UNDER 11 U.S.C. 523(A)(2) AND (A)(4).
 III. No Final, Appealable Order {¶ 7} Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. Eddie v. Saunders, Gallia App. No. 07CA7,2008-Ohio-4755, at ¶ 11. In the event that the parties do not raise the jurisdictional issue, we must raise it sua sponte. Sexton v. Conley
(Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.
 {¶ 8} An order must meet the requirements of both R.C. 2505.02 and Civ. R. 54(B), if applicable, to constitute a final, appealable order.Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or *Page 5 
some separate and distinct branch thereof and leave nothing for the determination of the court." Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities v. Professionals Guild of Ohio (1989),46 Ohio St.3d 147, 153, 545 N.E.2d 1260.
 {¶ 9} In the trial court's judgment entry enforcing the settlement agreement, it denied Heskett's request for attorney's fees and expenses "as premature." "[A] judgment deferring adjudication of a request for attorney's fees is not a final appealable order[.]" Pickens v.Pickens (Aug. 27, 1992), Meigs App. No. 459, 1992 WL 209498, at *2, citing Baker Indus. Equip., Inc. v. Osair, Inc. (Jan. 9, 1991), Summit App. No. 14704, 1991 WL 1994 and Russ v. TRW, Inc. (Feb. 2, 1989), Cuyahoga App. No. 54973, 1989 WL 7960. Because the trial court's entry indicates its intent to revisit Heskett's request for attorney's fees at a later date, it does not constitute a final, appealable order, under R.C. 2505.02.
 {¶ 10} Accordingly, we dismiss this appeal for lack of a final, appealable order.
APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellants shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. McFarland, J.: Concur in Judgment and Opinion. *Page 1