[Cite as *Partners for Payment Relief DE, L.L.C. v. Jarvis*, 2016-Ohio-7562.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Partners for Payment Relief DE, LLC | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 15CA3723 |
| | : | |
| v. | : | |
| | : | |
| Todd C. Jarvis, et al, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Defendants-Appellants. | : | **RELEASED 10/25/16** |
| | : | |

_____

<u>APPEARANCES:</u>

Bruce M. Broyles, Boardman, Ohio for Appellants Todd C. Jarvis and Kimberly D. Jarvis.

Kimberly Y. Smith Rivera, McGlinchey Stafford, Cleveland, Ohio for Appellee Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1.

Daniel Barham, Lancaster, Ohio for Appellee Partners for Payment Relief DE, LLC.
_____

Hoover, J.

{¶1}    Appellants Todd C. and Kimberly D. Jarvis appeal a judgment entered by the Scioto County Court of Common Pleas granting summary judgment to Plaintiff Partners for Payment Relief DE, LLC on its foreclosure complaint. Appellees Partners for Payment Relief and Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1 ("Wells Fargo") filed a joint motion to stay the appeal and remand it to allow the trial court to issue a ruling on a motion to amend the judgment to make it a final appealable order. The Appellants did not respond to the Appellees' joint motion for a stay. Because the

order appealed from is not a final, appealable order we lack jurisdiction and **DISMISS** this appeal. Appellees' joint motion to stay appeal is **DENIED** as **MOOT**.

FACTS

**{¶2}** Partners for Payment Relief filed a complaint for a money judgment and foreclosure against the Jarvises. Wells Fargo, the Scioto County Treasurer, and the Ohio Department of Taxation were named as defendants with possible interests in the property.  Wells Fargo filed an answer asserting a priority interest in the property and a cross-claim. Later Wells Fargo moved to dismiss the cross-claim, which the trial court granted, but Wells Fargo continued to assert its priority interest in the property as set forth in its answer. The Scioto County Treasurer and Ohio Department of Taxation also filed answers asserting their respective interests.

**{¶3}** Partners for Payment Relief moved for summary judgment on its complaint and the trial court granted it.  However, although the trial court's decision and judgment entry acknowledged Wells Fargo's answer, it failed to address Wells Fargo's property interest. The trial court entry contains Civ.R. 54(B) language that "there is no just cause for delay."

**{¶4}** The Jarvises filed an appeal from the entry granting summary judgment. Shortly thereafter, the Appellees filed a Joint Motion to Amend Judgment Entry to Constitute Final Appealable Order with the trial court and also a Motion to Stay Appeal in this court asking us to stay this appeal and allow the trial court to rule on their Motion to Amend Judgment Entry. The Jarvises did not respond to either of the two joint filings.

**{¶5}** Appellees argue that the trial court's failure to address Wells Fargo's

outstanding property interest means that the judgment is an interlocutory order. They acknowledge that the order contains Civ.R. 54(B) "no just cause for delay" language, but that at some point the matter will have to be remanded to determine the portion of the complaint concerning Wells Fargo's property interest. They argue that the entry did not fully dispose of the foreclosure case because it left Wells Fargo's interest undetermined. They assert that it would be in the interest of judicial economy to stay this appeal and allow the trial court to amend the entry to address Wells Fargo's interest.

## LEGAL ANALYSIS

**{¶6}** Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2); see R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. Gallia No. 07CA7, 2008–Ohio–4755, ¶ 11.

**{¶7}** An order must meet the requirements of R.C. 2505.02 to constitute a final, appealable order. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct ranch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of*

*Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

**{¶8}** A judgment decree in foreclosure fully disposes of liability if it "determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *CitiMortgage, Inc. v. Roznowski,* 139 Ohio St.3d 299, 2014–Ohio–1984, ¶ 39. Thus, to qualify as a final order under R.C. 2505.02(B)(1), a foreclosure decree must account for each lienholder's interest and delineate each lienholder's rights. *Id.* at ¶ 20–21; *Second Natl. Bank of Warren v. Walling,* 7th Dist. No. 01–CA–62, 2002–Ohio–3852, ¶ 18 ( "a judgment entry ordering a foreclosure sale is not final and appealable unless it resolves all of the issues involved in the foreclosure, including the following: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants"); *See also Green Tree Servicing L.L.C. v. Columbus & Cent. Ohio Children's Chorus Found.*, 10th Dist. Franklin No. 15AP-802, 2016-Ohio-3426, ¶ 9.

**{¶9}** Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. See *Chef Italiano Corp.* at 88. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that

there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); see Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977); quoting *Alexander v. Buckeye Pipeline*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

{¶10} The case presently before us involves multiple parties and claims and also contains the Civ.R. 54(B) language. For the purposes of Civ.R. 54(B) certification, the trial court makes a factual determination of whether or not an interlocutory appeal is consistent with the interests of sound judicial administration. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136, paragraph one of the syllabus (1993). On appeal, we review these findings under a competent, credible evidence standard. *Bell Drilling & Producing Co. v. Kilbarger Const., Inc.*, 4th Dist. Hocking No. 96CA23 (June 26, 1997); citing *Hausman v. Dayton*, 2nd Dist. Montgomery No. 13647 (Dec. 22, 1993), reversed on other grounds (1995), 73 Ohio St.3d 671, 653 N.E.2d 1190. We will not substitute our judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. *Wisintainer* at 355.

{¶11} Here, only Partners for Payment Relief and the Scioto County Treasurer's interests have been resolved. Wells Fargo's interest is unresolved and was not

addressed in the entry. The trial court did not provide specific findings that an interlocutory appeal while Wells Fargo's interest remained undetermined would serve the interests of judicial economy, and we see no interest served by delaying determination of Wells Fargo's interest. Thus, we must conclude that this is one of the rare occasions where the trial court's Civ.R. 54(B) certification was not justified. *Turner v. Robinson*, 4th Dist. Highland No. 15CA11, 2016-Ohio-2981, ¶ 30; *Oakley v. Citizens Bank of Logan*, 4th Dist. Athens No. 04CA25, 2004–Ohio–6824, ¶ 12.

## CONCLUSION

**{¶12}** In light of our determination that property interest asserted by Wells Fargo remains undetermined, we lack jurisdiction to consider this appeal. Accordingly, we **DISMISS** the appeal for lack of a final, appealable order. Appellees' Joint Motion is **DENIED** as **MOOT**. **IT IS SO ORDERED.** The clerk shall serve a copy of this entry on all counsel of record at their last known addresses by ordinary mail.

Abele, J. & *Hall, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Judge

*Michael T. Hall, Judge of the Second Appellate District, sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.