[Cite as *Milton Banking Co. v. Adkins*, 2020-Ohio-1481.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| THE MILTON BANKING COMPANY | : | Case No. 19CA07 |
| A Division of THE OHIO VALLEY | : | |
| BANK COMPANY, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Plaintiff-Appellee, | : | |
| | : | |
| V. | : | |
| | : | |
| REBEKAH A. ADKINS, ET AL., | : | |
| | : | |
| Defendants-Appellants. | : | |

_____

APPEARANCES:

Bruce M. Broyles, Lancaster, Ohio, for Appellants.

Lawrence A. Heiser and Jessica M. Ismond, Oths, Heiser, Miller, Waigand & Clagg, LLC, Wellston, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal of an April 16, 2019 judgment entry in foreclosure of the Jackson County Court of Common Pleas which awarded judgment in favor of The Milton Banking Company, a division of The Ohio Valley Bank Company, hereinafter "Milton Banking," and against Rebekah A. Adkins and Jason Adkins, hereinafter, "Appellants." Appellants raise three assignments of error challenging the trial court's entry of judgment. For the reasons which follow, we find we do

not have jurisdiction to consider this appeal.  Accordingly, we dismiss the appeal for lack of a final appealable order.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On December 5, 2018, Milton Banking filed a complaint in foreclosure. Along with Appellants, Milton Banking named several additional defendants. These defendants included:  State of Ohio Department of Taxation; Knight Nguyen Investments; Ohio Health Corporation; Bruce Hann; Jan Shroy; Vecron Exim Ltd; Lane Aviation Corporation; United States of America Department of the Treasury, Internal Revenue Service; Ohio Department of Job & Family Services, Bureau of Unemployment Compensation Taxation; State of Ohio Department of Job & Family Services; and the Jackson County Treasurer.

{¶3} The foreclosure complaint alleged as follows:

1. On November 24, 2010, the Defendant Rebekah A. Adkins, executed and delivered to Plaintiff, the Milton Banking Company, a division of The Ohio Valley Bank Company, her certain Adjustable Rate Note, in the original principal sum of Sixty-Five Thousand Dollars ($65,000.00) with interest accruing thereon at 7.50% per annum until paid in full.  Said Note attached hereto as Exhibit A.

2. The Defendant was to make 240 monthly payments of $523.79 beginning December 24, 2010.

3. The Defendant is in default on said Note, and there is due and owing the sum of Fifty Thousand Five Hundred Five Dollars and Ninety-Two Cents ($50,505.92) as of November 6, 2018 plus interest at 8.00% per annum ($11.06979 per day), until paid in full plus costs.

***

4. As security for payment of the note referred to in Count One, the Defendants, Rebekah A. Adkins and Jason Adkins, husband and wife, executed and delivered to Plaintiff, The Milton Banking Company, a division of The Ohio Valley Bank Company, their certain Open End Mortgage, a copy of which is attached hereto as Exhibit B, covering the following described real estate:  SEE EXHIBIT C.

Parcel Numbers:  116-014-00-037-00, 116-014-00-00-038-00, 116-014-00-039-00

Address of Property: 163 South Bingham Street, Oak Hill, Ohio 45656.

The Complaint requested judgment in favor of plaintiff in the above-referenced amount and also requested that the real estate be sold according to law.

{¶4} On February 25, 2019, Appellants filed a Motion for Extension of Time to File Answer to Complaint. In the motion, Appellants alleged:

Rebekah A. Adkins and Jason Adkins say that the complaint was filed on December 5, 2018; that certified mail was returned unclaimed on December 24 and December 27, 2018, and that certificates of mailing by regular mail to Defendants were filed on December 28, 2018. Pursuant to Civil Rule 4.6(D) Defendants answer day was twenty-eight (28) days after the certificate of mailing or January 25, 2019. Defendants Rebekah and Jason Adkins further say that previous counsel did not expect to be called upon to handle the above-captioned matter, that Defendants have recently retained new counsel, and that Plaintiff has not yet moved for default judgment.

{¶5} Also on February 25, 2019, Milton Banking filed a motion for summary judgment. On March 29, 2019, Appellants filed a second Motion for Extension of Time to File Answer to Complaint. In the motion, Appellants acknowledged being granted an extension of time to answer complaint until March

24, 2019. However, Appellants asserted that "the schedule of their counsel has and will prevent the timely filing of their answer, that this motion is not interposed for the purposes of undue delay, that no party will be prejudiced and that the interests of justice will be well served if this Court were to grant them an extension of time." Appellants specifically requested an extension of time until April 24, 2019.

{¶6} On April 4, 2019, Milton Banking filed a memorandum contra extension of time and requested the motion for extension be overruled. Milton Banking argued that it had already filed its motion for summary judgment and Appellants had more than adequate time. On April 16, 2019, the trial court entered judgment entry of foreclosure.

{¶7} This timely appeal followed.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ABUSED ITS DISCRETION
IN FAILING TO GRANT APPELLANTS A SECOND
EXTENSION OF TIME TO FILE ANSWER TO COMPLAINT
AND IMMEDIATELY ENTERING SUMMARY JUDGMENT
IN FAVOR OF APPELLEE.

II. THE TRIAL COURT ERRED IN GRANTING SUMMARY
JUDGMENT WHEN APPELLEE FAILED TO DEMONSTRATE
THAT IT COMPLIED WITH ALL CONDITIONS PRECEDENT
TO THE FILING OF THE FORECLOSURE COMPLAINT.

III. THE TRIAL COURT ERRED IN GRANTING SUMMARY

JUDGMENT WHEN APPELLEE FAILED TO ALLEGE IN ITS COMPLAINT THAT IT COMPLIED WITH ALL CONDITIONS PRECEDENT TO THE FILING OF THE FORECLOSURE COMPLAINT, AND THERE REMAINED GENUINE ISSUES OF MATERIAL FACT AS TO APPELLEE'S COMPLIANCE WITH ALL CONDITIONS PRECEDENT TO THE FILING OF THE FORECLOSURE COMPLAINT."

## LEGAL ANALYSIS

{¶8} Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" *Partners for Payment Relief DE L.L.C. v. Jarvis,* 4th Dist. Scioto No. 15CA3723, 2016-Ohio-7562, ¶ 6, quoting Ohio Constitution, Article IV, Section 3(B)(2); see R.C. 2505.03(A).  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Jarvis, supra*; *Eddie v. Saunders,* 4th Dist. Gallia No. 07CA7, 2008-Ohio-4755, ¶ 11.

{¶9} An order must meet the requirements of R.C. 2505.02 to constitute a final, appealable order.  *Jarvis, supra*, at ¶ 7, citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Under  R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  To determine the action and prevent a judgment for the party appealing, the order " 'must dispose of

the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *Jarvis, supra,* quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶10} "Foreclosure actions proceed in two stages, both of which end in a final appealable judgment:  the order of foreclosure and the confirmation of sale." *Farmers State Bank v. Sponaugle,* 157 Ohio St. 3d 151, 2019-Ohio-2518, at ¶ 18. A judgment decree in foreclosure fully disposes of liability if it " 'determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action.' " *Jarvis, supra,* at ¶ 8, quoting *CitiMortgage, Inc. v. Roznowski,*139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 39.  Thus, to qualify as a final order under R.C. 2505.02(B)(1), a foreclosure decree must account for each lienholder's interest and delineate each lienholder's rights.  *Id.* at ¶ 20-21; *Second Natl. Bank of Warren v. Walling,* 7th Dist. No. 01-CA-62, 2002-Ohio-3852, ¶ 18 ("a judgment entry ordering a foreclosure sale is not final and appealable unless it resolves all of the issues involved in the foreclosure, including the following:  whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants");

*See also Green Tree Servicing L.L.C. v. Columbus & Cent. Ohio Children's Chorus Found.,* 10th Dist. Franklin No. 15AP-802, 2016-Ohio-3426, ¶ 9.

{¶11} Additionally, if a case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. *Jarvis, supra* at ¶ 9. *See Chef Italiano Corp.* at 88. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "Absent the mandatory language that 'there is no just reason for delay,' an order that does not dispose of all claims is subject to modification and is not final and appealable." *Jarvis, supra,* at ¶ 9, quoting *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.,*

52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977); quoting *Alexander v. Buckeye Pipeline,* 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

{¶12} The case presently before us involves multiple parties and claims. Defendants Ohio Health, Bruce Hann, Jan Shroy, and Lane Aviation filed answers. All defendants except the Ohio Department of Taxation and the Jackson County Treasurer had filed liens with the Jackson County Recorder. The Ohio Department of Taxation had filed a certificate of judgment. The complaint alleged that taxes were due and owed to the Jackson County Treasurer. However, in the April 16, 2019 judgment entry in foreclosure, only Milton Banking's interests have been resolved. On the third page of the foreclosure entry, the third full paragraph states:

> The Sheriff of Jackson County, Ohio is ordered to sale [sic]
>
> said real estate as upon execution and return these proceedings
>
> to the Court whereupon the court shall consider the marshalling
>
> of liens and distribution of proceeds as sale.

{¶13} The interests of the other defendants named in the foreclosure complaint are unresolved and are not addressed in the entry except for the vague reference that "the court shall consider the marshalling of liens and distribution of proceeds as sale." This language demonstrates that the April 16, 2019 order is subject to modification and not final and appealable. Thus the foreclosure decree

is not a final order under R.C. 2505.02(B)(1) because it fails to address the interests and rights of all lienholders.

{¶14} Furthermore, while the third page of the April 16, 2019 judgment entry of foreclosure sets forth " no just cause for delay" language, Civ. R. 54(B) does not apply. " 'Before Civ. R. 54(B) can apply the order at issue must qualify as a final order under R.C. 2505.02(B).' '' *Johnson v. Stone,* 2019-Ohio-4630, _N.E.3d._, at ¶ 21 (3rd Dist.), quoting *Green Tree Servicing,* at ¶ 13. "The mere incantation of Civ.R. 54(B) language does not convert an otherwise non-final order into a final, appealable order." *Id.* (finding that a judgment decree in foreclosure that did not address the interest of other lienholders was not a final order under R.C. 2505.02(B) and the trial court's use of Civ.R. 54(B) language could not transform the non-final order into a final, appealable one). The April 16, 2019 judgment decree in foreclosure is not a final order under R.C. 2505.02(B), so the trial court's use of Civ.R. 54(B) language cannot transform it into a final, appealable order.

## CONCLUSION

{¶15} In light of our determination that the April 16, 2019 judgment entry of foreclosure is subject to modification and is not final and appealable, we lack

jurisdiction to consider this appeal.  Accordingly, we DISMISS the appeal for lack

of a final, appealable order.

**APPEAL DISMISSED.**

# **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**