[Cite as *US Bank Trust, N.A. v. Osborne*, 2021-Ohio-2898.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| US BANK TRUST, N.A. AS TRUSTEE FOR LSF10 MASTER PARTICIPATION TRUST | : | Case No. 20CA3930 |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND JUDGMENT |
| v. | : | ENTRY |
| | : | |
| DONALD OSBORNE, JR. ET AL., | : | |
| | : | |
| Defendants-Appellants. | : | |

APPEARANCES:

Tyler E. Cantrell, Young & Caldwell, LLC, West Union, Ohio, for Appellants.

David T. Brady, Suzanne M. Godenswager, Austin B. Barnes, III, Mark M. Schonhut, Jeffrey A. Panehal, Sandhu Law Group, LLC, Cleveland, Ohio, for Appellee.

Smith, P.J.

{¶1} Donald Osborne, Jr. and Oma Osborne, "Appellants," have appealed two judgment entries of the Scioto County Court of Common Pleas: (1) Judgment Entry and Order of the Court on Motion for Clarification of the Court's June 9, 2020 Entry on Summary Judgment; and, (2) Judgment Entry and Order of the Court on Motion for Summary Judgment as to Count Three. For the reasons which

follow, we find we do not have jurisdiction to consider this appeal. Accordingly, we dismiss the appeal for lack of a final appealable order.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On July 12, 2019, U.S. Bank Trust, N.A. as Trustee for LSF10 Master Participation Trust, "Appellee," filed a complaint in foreclosure and other equitable relief against Appellants. Along with Appellants, Appellee named several additional defendants: the State of Ohio Department of Taxation; the Third Will Co., LLC; and the Scioto County Treasurer. The foreclosure complaint alleged as follows:

### FIRST COUNT

1. Plaintiff is in possession and entitled to enforce a note executed by the Defendant, Donald W. Osborne Jr. aka Donald W. Osborne, a copy of which is attached hereto as Exhibit "A." By reason of default under the terms of the note and the mortgage securing same, plaintiff has declared the debt evidenced by said note due, and there is due hereon $47,611.19, together with interest at the rate of 6.000% per year from June 1, 2014, plus court costs, advances and other charges, as allowed by law. All conditions precedent required under the note, mortgage and other loan documents have been satisfied.

2. Plaintiff further states that Defendant, Donald W. Osborne, Jr. aka Donald W. Osborne, filed a petition commencing a case under Title 11 of the Bankruptcy Code, Chapter 7, in the United States Court, Southern District of Ohio, Western Division, and being Case No. 03-18518, and that Defendant was subsequently discharged and released from the

indebtedness due and owing Plaintiff on its promissory note as set forth in its Complaint as defendant Donald W. Osborne, Jr. aka Donald W. Osborne has been discharged in bankruptcy, that no personal judgment is sought herein against the Defendant.

## SECOND COUNT

3.  Plaintiff incorporates the allegation of Count One and further states that it is the holder of a mortgage, a copy of which is attached hereto as Exhibit "B." The mortgage was given to secure payment of the above-described note, and said mortgage constitutes a valid first lien upon the real estate described in the correct legal description which is attached hereto as Exhibit "C."

4.  The mortgage was filed for record on September 24, 2003, in Volume 1040, Page 170 of the county recorder's records and assigned to Plaintiff on November 1, 2018, and recorded on December 12, 2018, in Volume 617, Page 738 of the Scioto County Records. The conditions of defeasance contained therein have been broken, and plaintiff is entitled to have said mortgage foreclosed.

5.  Plaintiff says that the defendants herein may claim an interest in the subject property described in the subject mortgage.

6.  Plaintiff states that the conditions of said Mortgage Deed have been broken, by reason of default in payment, and that the Mortgage Deed has therefore become absolute; Plaintiff has fulfilled all applicable conditions precedent; and Plaintiff is entitled to have the equity of redemption, if any, of the Defendants named herein foreclosed, and to have the subject real property appraised, advertised and sold, and the proceeds arising therefrom applied to the judgment of Plaintiff.

THIRD COUNT

7. Plaintiff incorporates herein by reference all of the allegations contained in the foregoing counts as though fully rewritten, herein.

8. This claim is brought pursuant to R.C. 5721.01 et seq., and a real controversy exists in that there is a genuine dispute, a judgment is sought that is not merely advisory in nature or based upon a hypothetical statement of facts, the issue tendered is appropriate for judicial resolution because it has an effect on a valuable property right, Plaintiff will suffer hardship if declaratory relief is denied, and speedy relief is in order to preserve the property rights.

9. Upon the property secured by the mortgage sits a manufactured home (hereinafter, "Manufactured Home").

10. According to the County Auditor, the Manufactured Home is not taxed as part of the real property. See Auditor's Property Information Printout, Exhibit "D."

11. The certificate of title to the Manufactured Home has not been surrendered to the Clerk of Court, meaning the Manufactured Home has not been converted to real property in the records of the Scioto County Auditor.

12. The Manufactured Home has had the wheels removed, is physically affixed to the ground by a cinder block base, and it [sic] attached to city water. See Picture attached to Exhibit "E."

13. It was the intent of the parties to the mortgage that the Manufactured Home be affixed to the real property secured

by the mortgage, and Plaintiff would not have granted the mortgage would not have been granted [sic] had the Manufactured Home not been intended to be part of the real property.

14. Plaintiff is entitled to a declaratory judgment ordering that the Manufactured Home be declared affixed to the real property and deemed a part of the real property, and that the Manufactured Home may be sold as part of the real property pursuant to execution on any judgment Plaintiff may obtain in this case.

{¶3} The complaint requested judgment in favor of plaintiff in the above-requested amount and also requested that the real estate be ordered sold according to law. The complaint also requested that all other defendants be required to set up their liens or interests in said real estate or be forever barred from asserting the same. On July 15, 2019, the county treasurer filed an answer. On August 13, by fax, and on August 15, 2019, Appellants filed their answer.

{¶4} On September 30, 2019, Appellee filed a motion for summary judgment, asserting there were no genuine issues of material fact and Appellee was entitled to judgment as a matter of law. Also on that date, Appellee filed a motion for default judgment against defendant Third Will Co., LLC. On October 29, 2019, Appellants filed a memorandum contra to the motion for summary judgment.

{¶5} Appellants asserted a genuine issue of material fact as to the specific property subject to the mortgage. Appellants argued the original mortgage

attached to the complaint and motion for summary judgment contained a legal description for two parcels of land, not three. Furthermore, a mobile home located on the property subject to the mortgage also extended slightly onto a third parcel. However, Appellants claimed that the mobile home was not subject to the mortgage. Appellants supported their argument by attaching their responses to discovery submitted in a prior attempted foreclosure of the subject property which had been dismissed.

{¶6} Appellee filed a sur-reply in support of the motion for summary judgment. Appellee did not address Appellant's substantive argument. Appellee argued the evidence submitted with the memorandum contra, the discovery responses attached from the prior foreclosure proceedings but not properly attached to an affidavit, did not comply with Civ.R. 56(E). Therefore, Appellee claimed entitlement to judgment as a matter of law.

{¶7} The trial court conducted a telephonic status conference. The court subsequently ordered the parties to investigate the issue of the mobile home's pertinence to the foreclosure proceeding and to supplement the record within 45 days. On April 7, 2020, Appellee provided a supplemental filing. Appellants subsequently filed a memorandum in response to plaintiff's supplement.

{¶8} On June 9, 2020, the trial court issued a judgment entry and order of

the court on motion for summary judgment.  Specifically, the court ordered:

1.  Summary judgment is granted as to the default on the
    mortgage and note as to the two parcel numbers * * *.
    Judgment is granted in the amount of $47,611.19 with 6.0%
    interest from the date of default in June 2014.

2.  Summary judgment does not apply as to the mobile home on
    the parcels involved. As the mortgage never attached to the
    mobile home, it is not part of these proceedings.

3.  Plaintiff shall prepare such documentation required to
    allow the property to proceed to foreclosure sale.

4.  Costs to Defendants.

{¶9} On June 26, 2020, Appellee filed Plaintiff's Motion for Clarification of

the Court's June 9, 2020 Journal Entry With Regard to Count III of Plaintiff's

Complaint and Whether Judgment Encompasses Parcel No. 23-0075.000.  On

August 13, 2020, Appellee filed Plaintiff's Motion for Nunc Pro Tunc Correction

of the Court's June 9, 2020 Judgment Entry to Include Parcel No. 23-0075.000.

Contemporaneously, Appellee a filed Motion for Summary Judgment on Count III

of the Complaint.

{¶10} On October 6, 2020, the trial court filed the two entries currently

being appealed.  In both entries, the trial court noted that Appellants had not

replied to Appellee's motions.  As to the Judgment Entry and Order of the Court

on Motion for Clarification of the Court's June 9, 2020 Entry on Summary

Judgment, the court granted the motion. The Court ordered as follows:

1. Summary judgment as previously granted in the June 9, 2020 Entry and Judgment as to the default on the mortgage and note is for the two parcels described in the mortgage and note. These two parcels are comprised of three tax ID numbers: 23-0073.000, 23-0075.000, and 23-0076.000. Judgment is granted in the amount of $47,611.19 with 6.0% interest from the date of default in June 2014.

2. Plaintiff shall prepare such documentation required to allow the property to proceed to foreclosure sale.

3. Costs to the Defendants.

{¶11} As to the Judgment Entry and Order of the Court on Motion for

Summary Judgment as to Count Three, the court ordered:

1. Summary judgment is granted as to Count Three of the Complaint. The mobile (manufactured) home on the property is a fixture and as such the mortgage and note as to the two parcels with tax ID Parcel numbers 23-0073.000(Parcel 1) 23-0075.000 and 23-0076.000 attach to and encumber the mobile home.

2. Defendants are ordered to surrender title to the mobile home, or have a duplicate title issued and surrendered to Plaintiff.

3. Plaintiff shall prepare such documentation required to allow the property to proceed to foreclosure sale.

4. Costs to the Defendants.

{¶12} This timely appeal followed.

LEGAL ANALYSIS

{¶13} Appellants contend that genuine issues of material fact are in contention. First, Appellants contend that Appellee does not have a lien on the mobile home. Second, Appellants contend that it is also unclear that the mobile home is even partially upon the mortgaged real estate. Appellants conclude Appellee is not entitled to judgment as a matter of law.

{¶14} Appellee contends that the trial court did not err in granting summary judgment in its favor. First, Appellee asserts that Appellants failed to present evidence in motion practice which complies with Civ. R. 56(E). Second, Appellee contends that Appellants have raised on appeal arguments which they failed to raise before the trial court. As indicated above, we do not reach the merits of the arguments raised as we have no jurisdiction to consider the appeal.

{¶15} " 'Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" ' " *Milford Banking v. Adkins,* 4th Dist. Jackson No. 19CA07, 2020-Ohio-1481, at ¶ 8, quoting *Partners for Payment Relief DE L.L.C. v. Jarvis,* 4th Dist. Scioto No. 15CA3723, 2016-

Ohio-7562, ¶ 6, quoting Ohio Constitution, Article IV, Section 3(B)(2); see R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Jarvis, supra; Eddie v. Saunders,* 4th Dist. Gallia No. 07CA7, 2008-Ohio-4755, ¶ 11.

{¶16} An order must meet the requirements of R.C. 2505.02 to constitute a final appealable order. *See Adkins, supra* at ¶ 9; *Jarvis, supra,* at ¶ 7, citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order " 'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.' " *Jarvis, supra, quoting Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio,* 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶17} " 'Foreclosure actions proceed in two stages, both of which end in a final appealable judgment: the order of foreclosure and the confirmation of sale.' " *Adkins, supra,* at ¶ 10, *quoting Farmers State Bank v. Sponaugle,* 157 Ohio St. 3d 151, 2019-Ohio-2518, at ¶ 18. A judgment decree in foreclosure fully disposes of liability if it " 'determines the extent of each lienholder's interest, sets forth the

priority of the liens, and determines the other rights and responsibilities of each party in the action.' " *Jarvis, supra,* at ¶ 8, *quoting CitiMortgage, Inc. v. Roznowski,*139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 39.  Thus, to qualify as a final order under R.C. 2505.02(B)(1), a foreclosure decree must account for each lienholder's interest and delineate each lienholder's rights.  *Id.* at ¶ 20-21; *Second Natl. Bank of Warren v. Walling,* 7th Dist. No. 01-CA-62, 2002-Ohio-3852, ¶ 18 ("a judgment entry ordering a foreclosure sale is not final and appealable unless it resolves all of the issues involved in the foreclosure, including the following: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants"); *See also Green Tree Servicing L.L.C. v. Columbus & Cent. Ohio Children's Chorus Found.,* 10th Dist. Franklin No. 15AP-802, 2016-Ohio-3426, ¶ 9.

{¶18} Appellants have not appealed a decree in foreclosure but have appealed the trial court's decisions on summary judgment.  This case involves multiple parties and claims.  Appellee initially named Appellants, the State of Ohio Department of Taxation, Third Will Co., LLC, and the Scioto County Treasurer as defendants in the foreclosure complaint.  Presently, Appellee, Appellants, and Defendant Scioto County Treasurer are active parties.

{¶19} The Ohio Department of Taxation also did not participate in the underlying proceedings and has not participated in this appeal. The final judicial report indicates the Department filed a state tax lien on December 26, 2009, in the amount of $307.89.

{¶20} Defendant Third Will Co. LLC did not participate in the underlying proceedings and has not participated in the appellate proceedings. Appellee filed a motion for default judgment against the entity. As the record does not reflect the trial court's decision on the motion, we presume the motion to be overruled. *See Caterpillar Financial Services Corporation v. Tatman,* 2019-Ohio-2110, 137 N.E.3d 512 at ¶ 26 (4th Dist.). Nevertheless, the final judicial report filed September 30, 2019, indicates the mortgaged property herein is subject to a UCC financing statement filed against Appellant Donald W. Osborne, Jr. on August 12, 2014, in the Scioto County Recorder's Office. Other than this, the status of Third Will Co. LLC's claim cannot be gleaned from the record.

{¶21} The Scioto County Treasurer filed an answer admitting it had an interest in the real property identified in the complaint. The Treasurer requested that its interest in the subject property be declared a lien against the property and that it be paid in its priority. Nothing in the trial court's October 6, 2020 judgment entry addresses the Scioto County Treasurer's interest in this action.

{¶21} If a case involves multiple parties or multiple claims, the court's order must also meet the requirements of Civ.R. 54(B) to qualify as a final appealable order. *See Jarvis, supra,* at ¶ 9; *Chef Italiano Corp.* at 88. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *See Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *See* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.,* 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977), quoting *Alexander v. Buckeye Pipeline,* 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977). In this case, the appealed-from judgment entries do not utilize the Civ.R. 54(B) language indicating there is "no just reason for delay."

{¶22} While the appealed-from judgment entries do direct Appellee to prepare "such documentation required to allow the property to proceed to foreclosure sale," the entries do not address the Scioto County Treasurer's interest in the matter. The entries do not address the amount of the Treasurer's interest. Nor do the entries address the priority of the Treasurer's interest or the Ohio Department of Taxation's lien. Thus, we are without a final appealable order in this matter and we lack jurisdiction to consider this appeal. Accordingly, we dismiss the appeal for lack of a final appealable order.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant pay any costs herein.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., Concur in Judgment and Opinion.

For the Court,

_____

Jason P. Smith
Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**